# W. C. GODDARD, Respondent, v. GREAT NORTHWEST LAND COMPANY, a Corporation, Appellant.

(195 N. W. 656.)

**Judgment — refusal to vacate judgment after abuse of discretion in denying continuance held erroneous.**

1. For reasons stated in the opinion, it is *held*, that the motion of the defendant to vacate a judgment against it should have been granted.

**Continuance — where bona fide application shows due diligence to secure absent witnesses held abuse of discretion to deny continuance.**

2. While it rests largely in the discretion of the trial court to determine whether a continuance should be granted on the ground that witnesses are absent, it is an abuse of discretion to deny a continuance where the application complies with the law, is not merely for delay, materiality of the evidence and due diligence being shown, and the adverse party does not make such admissions as will obviate the necessity for the attendance of the witness.

Opinion filed October 26, 1923. Rehearing denied November 15, 1923.

Continuances, 13 C. J. §§ 59 pp. 149 n. 56, 150 n. 57; 151 p. 195 n. 77. Judgments, 34 C. J. § 533 p. 313 n. 17 New.

---

Note.—(1) Motion for continuance rests in discretion of trial court, see 2 R. C. L. 219; 1 R. C. L. Supp. 454.

(2) Granting or refusal of continuance rests in discretion of court, see 6 R. C. L. 544, 551. 556; 2 R. C. L. Supp. 153, 154; 4 R. C. L. Supp. 425; 5 R. C. L. Supp. 354. 355.

Appeal from the District Court of Cass County, North Dakota, *Cole, J.*

Reversed.

*Lawrence, Murphy & Nilles,* for appellant.

*Fowler, Green & Wattam,* for respondent.

JOHNSON, J. This is an appeal from an order of the district court of Cass county, denying a motion of the defendant and appellant to vacate a judgment and from an order denying its motion for a new trial.

Suit was commenced by the plaintiff against the defendant by the issuance of a summons on the 18th of April, 1921, and it is stated by counsel for respondent that this case was on the November, 1921, calendar of the district court of Cass county. The complaint is upon two promissory notes. To this complaint the defendant answered with a general denial and a counterclaim. A reply was in due course served, denying generally the allegations of the counterclaim. The case was put on the peremptory call for January 30, 1922. On January 27, 1922, the defendant made a motion for a continuance over the term on account of the absence of a material witness and because of the sickness of and an impending operation on the wife, of the general manager and principal officer of the defendant. This motion was supported by affidavits fully setting forth these facts, together with the facts to which the absent witness would testify; this witness had been in the employ of the defendant, but defendant had not been able to locate him on that date. Plaintiff admitted that the witness, if present, would testify as alleged; under the facts, no error can be predicated upon the refusal of the court to grant a continuance or open the judgment because of the absence of this witness. The record does not affirmatively show what action was taken on this motion. The record next shows that the case was on the peremptory call for trial on March 15, 1922, at 10 A. M. On the latter date, one of the attorneys for the defendant made a statement in the record in support of defendant's motion for a continuance, which is presumably the same motion it made on the 27th of January. Counsel stated that his application for a further continuance was based upon the affidavit filed on the 27th of January in support of the motion then made and which was not ruled upon by the court. Counsel further

stated that, in addition to the facts set out in the affidavit, Mr. Bradley, the general manager of the defendant and its principal officer, had just then talked with him by telephone from Grace city, North Dakota, and advised counsel that the man in charge of his stock had left his employ and that affiant was engaged in bringing hay and feed for the stock and could not leave the stock uncared for at that time. Appellant, later and in support of his motion to vacate, filed an affidavit by an employee, showing that a man left Mr. Bradley's employ about that time. Counsel further stated that Mr. Bradley advised him that he was "subpœnaed and called" as a witness in a case pending at New Rockford, North Dakota, and that he had been advised that his testimony in that case would be material and would be required during that week; counsel further stated that it would be impossible for the defendant to go to trial in the absence of Mr. Bradley and that he could not reach Fargo before the first of next week, and that for these reasons the defendant renewed the motion for a continuance "and if that be denied, asks that the case be set over until the first of next week, calling the court's attention to the fact that the case has been previously on the peremptory call and was removed from the peremptory call and continued at the plaintiff's request and with the defendant's consent, at a time when the defendant was able and ready for trial, and if it be that the plaintiff is inconvenienced by putting this case over until next week, that that is none the less than the situation which existed during this same term when the defendant consented to a similar continuance."

Mr. Fowler: Of course, the last statement is not true as a matter of fact about the defendant being here; he was not here.

Mr. Murphy: Yes, he was in my office.

The Court: "We will set this case for next Tuesday (March 21) and then I will change the date if necessary and if any questions are involved that the court should act on, we will take that up later; this with the understanding that if *he* is tied up in New Rockford we will fix another date." (Italics are ours.)

Then the record continues:

Tuesday, March 21, 1922, 5:15 P. M.—The same parties present.

Mr. Murphy: At this time the case of W. C. Goddard, plaintiff against the Great Northwest Land Company, a corporation, being on

the peremptory call, and it appearing that said case is to be reached
for trial at the conclusion of the action now being tried before this
court, which case is likely to be finished within a day or two, the de-
fendant moves that said action be continued over the term, and as a
basis of said motion submits the following affidavit and subpœna at-
tached thereto, copies being served on plaintiff's counsel. Defendant's
attorney also states to the court that this action was called for trial last
Thursday at which time Mr. Bradley not being able to reach Fargo in
time for trial the matter was re-set on the peremptory call for today and
defendant's counsel advised Mr. Bradley that he must appear at this
date for the trial of the case or show cause for a continuance, and de-
fendant's attorneys have just received the affidavit now filed in sup-
port of this motion, with the explanation by Mr. Bradley that he was
not a lawyer and could not obtain a lawyer but that he had set up in the
affidavit as near as he could the facts on which he felt that a continuance
should be granted. Wherefore, the defendant prays that the case be
continued over the term.

Plaintiff's counsel appeared and resisted the motion. The next day
the following order was made by the court:

2 P. M. Wednesday March 22, 1922:

The Court: This case having been by adjournment set for trial for
March 21, 1922 by order of the court, and by agreement of counsel,
and at *that time* the defendant appeared with his counsel and moved
the court for a further continuance, said motion *is* denied in all matters
and the plaintiff *is now ordered* to proceed to prove his case and take
judgment herein.   (Italics are ours.)

Two Notes marked plaintiff's exhibits "1" and "2."

Mr. Fowler: The plaintiff offers in evidence exhibits "1" and "2,"
being the promissory notes sued upon. They are admitted in the an-
swer and there is no affirmative defense and we ask for judgment as
prayed for in the complaint.

The Court: The motion is granted.

Attached to the statement of the case is the following certificate:
" 'The Court: We will set this case for next Tuesday and then I

will change the date if necessary and if any questions are involved that the court should act on we will take that up later; this with the understanding that if he is tied up in New Rockford we will fix another date.'

"The word 'he' in the last line in said statement was intended and meant to refer to the plaintiff W. C. Goddard.

"Dated January 29, 1923.

(Signed)          A. T. Cole

Judge

Chas. E. Taylor

Court Stenographer."

It appears, therefore, from the foregoing, which constitutes practically all of the reporter's record in the case, that counsel for the defendant was not present at 2 P. M. on the 22d of March, 1922, when the court denied the motion for a continuance, which had been made on the previous day, and ordered judgment for plaintiff. The record, as made by the reporter, and above set forth, shows that the court, at 2 P. M. on the 22d of March, denied the motion made the day before, but it does not show that defendant or its counsel was notified that the case must proceed to trial. An affidavit in the record contains an allegation that the court notified counsel by telephone of this action and that counsel said he was not ready to proceed to trial. This is denied in a counter affidavit.

One affidavit shows that the general manager, Bradley, was served with a subpœna in a case pending in New Rockford, on the 18th of March, 1922, and was, in such subpœna, directed to appear on the 21st of March to testify therein; the subpœna is made a part of the affidavit. It is evident, therefore, that when it was stated in open court that this witness had been subpœnaed on the 15th, it was error. It seems, however, from the affidavits in the case, that Mr. Bradley had been advised that he would be needed at New Rockford, as a material witness about the time this statement was made in court, although the subpœna was not in fact served until three days later. The application for the vacating of the judgment is supported by the affidavit of an attorney at law at New Rockford, whom Mr. Bradley consulted with reference to the consequences, should he ignore the subpœna and attend the trial of the in-

stant case, set for the same day at Fargo; that this attorney advised him that he would be guilty of contempt of court and would be subject to punishment therefor, and that he further advised Mr. Bradley to send an affidavit, with a copy of the subpœna, to the court at Fargo and ask for a continuance. The motion to vacate and set aside the judgment was denied on the 3d of October, 1922.

There are, of course, some discrepancies and inconsistencies in the affidavits. We do not think it is necessary, under the circumstances, to notice them further. It fairly appears from the moving papers of the defendant and appellant that the president and general manager of the defendant, a witness without whom defendant could not go to trial, was under subpœna to appear at New Rockford and be present in that court at the very time when application was made to the court, according to the record, for a continuance on that ground; and that the next day the court ordered the case to proceed to trial when the plaintiff submitted his proof in the absence of the defendant and its attorneys. The trial of the case at New Rockford started on March 22, 1922. It is true, there are affidavits in the statement of the case, in opposition to the application, charging that the subpœna requiring the manager to appear at New Rockford was collusively obtained, and that counsel for defendant was in fact advised that the case would be tried on March 22, 1922. This charge and this statement are expressly denied by affidavits of persons interested in the New Rockford lawsuit, and of counsel for defendant. It is not necessary on this appeal to determine what the facts are in this particular. We are satisfied, after a careful examination of the record and study of the affidavits, that a misunderstanding arose between the court and the counsel for the defendant, which was one of the contributing causes of a default judgment against the defendant. This misunderstanding, we believe, arose in entire good faith, as far as court and counsel are concerned. We refer to the statement made by the court, heretofore quoted, where the court said: "If *he* is tied up in New Rockford, we will fix another date." It clearly appears from the record that counsel for defendant and appellant was of the impression that the trial judge, in his statement, referred to the witness Bradley, because the record made by the reporter on March 15, 1922, does not disclose that the plaintiff anticipated that he might be detained at New Rockford, so as to render his absence probable on the

21st of March.  It seems from the record that counsel for defendant had just stated to the court that Mr. Bradley had been "subpoenaed and called as a witness in a case now pending for trial at New Rockford;" and that soon after such statement was made, the court used the language heretofore quoted.  The court and the court reporter certify that the pronoun "he" referred to the plaintiff.  Counsel for defendant, however, asserts that he was led by this statement to believe that, if the witness, Bradley, were detained at New Rockford, on March 21, another date would be set for the trial.  The witness was in fact so detained. We do not doubt that the court and the court reporter correctly certify to their understanding of the situation; we are equally clear, from the record, that the defendant and its counsel believed in fact that another date would be arranged if the witness, Bradley, were detained by subpoena at New Rockford, as a witness in another lawsuit.

Counsel for defendant filed affidavits in support of the motion to vacate the judgment, showing that they had no knowledge whatsoever of the fact that the court ordered the case to trial at 2 o'clock on the 22d of March; that they rested secure in the belief that no action would be taken, were the witness Bradley still detained at New Rockford, other than to set a new date.  All this is, in substance, contradicted in counter affidavits.  We are convinced that both counsel have acted in the utmost good faith in this matter and that the superficial inconsistencies in the statements and affidavits referred to are due largely to a misunderstanding.  The affidavit in support of the charge that the subpoena was collusively obtained, is flatly contradicted in affidavits made by persons apparently not interested in any manner in the instant case.  On the other hand, the record shows that the manager and principal officer of the defendant was bound, under penalty of contempt of court, with possible fine or imprisonment, to appear at New Rockford at the same time the defendant's case went to trial in another district. The execution of the notes is denied in the answer; the notes introduced purport to have been executed by Mr. Bradley, as president of the defendant; the record shows that he was its manager and principal officer.  It is evident, therefore, that Mr. Bradley would be a very material and necessary witness in the action.  While it rests largely in the discretion of the trial court to determine whether a continuance should be granted on the ground that witnesses are absent, it is an abuse of

discretion to deny a continuance where the application complies with the law, is not merely for delay, materiality of the evidence and due diligence being shown, and the adverse party does not make such admissions as will obviate the necessity for the attendance of the witness. 13 C. J. 149, 150. This rule has been applied and a continuance required when witnesses could not attend because of road or weather conditions. Chenault v. Spencer, 24 Ky. L. Rep. 141, 68 S. W. 128. Surely, the rule should apply where a witness cannot attend because a court of competent jurisdiction elsewhere, by process duly served on him, requires his presence in a lawsuit pending therein. We do not believe, after reading all the affidavits and examining the record, that it can fairly be said that the subpœna was collusively obtained and that the trial court was warranted in denying the motion for a continuance. The allegations in the plaintiff's affidavit, tending to show collusion, are evidently the result of an inaccurate understanding of the statements made by C. W. Hall to plaintiff, regarding the conversation the former had with Mr. Bradley, with reference to the case at New Rockford, and the necessity for Mr. Bradley's appearance as witness therein. Mr. Hall expressly and unequivocally exonerates Mr. Bradley of this charge. The fact that Mr. Bradley did not testify as a witness is not, per se, evidence of fraud or collusion. Every experienced lawyer knows that frequently witnesses are held, under subpœna or otherwise, who are never sworn because of unforeseen developments in the course of the trial. That Mr. Bradley will be an important witness in this lawsuit is foreshadowed by the fact that the execution of the notes, denied in the answer, was not proved and that, had counsel appeared and properly objected to the introduction of the notes in evidence, the objection would doubtless have been sustained. It is deposed by Mr. Bradley that he is "the only person connected with such corporation that is acquainted with the facts and circumstances involved in the action." This is not contradicted. The facts alleged in the pleadings and in the affidavits show that it would be a practical impossibility for the defendant to set out in detail all of the material facts to which the president and manager might testify. The sufficiency of the affidavit is not challenged. Ida County Sav. Bank v. Seidensticker, 128 Iowa, 54, 111 Am. St. Rep. 189, 102 N. W. 821, 5 Ann. Cas. 945; Light v. Richardson, 3 Cal. Unrep. 745, 31 Pac. 1123.

It is our opinion that justice will be served by opening the judgment and permitting the defendant to present whatever defenses it may have under its answer and counterclaim. We think the trial court should have ordered the judgment vacated on such terms as seemed just under the circumstances.

The order of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.