## LIGHT v. RICHARDSON.

### No. 19,072; January 13, 1893.

31 Pac. 1123.

**Continuance—Absence of Parties.—Defendant and His Witnesses** were present at the time fixed for trial, but his attorney was absent from sickness. The court stated that the case would be continued on that account, and the defendant and his witnesses left without instructions as to future attendance. The next day the attorney was still sick, and the defendant and his witnesses did not appear. A motion for continuance was denied. Held, that the absence of defendant and his witnesses was excusable, and the continuance should have been granted.

**Continuance—Absence of Witnesses—Affidavit.—**Code of Civil Procedure, section 595, which provides that "the court may require the moving party, where application is made on account of the absence of a material witness, to state on affidavit the evidence which he expects to obtain," is not imperative, and should not be required of counsel when he cannot be aided in making the affidavit by his client, who is excusably absent.

APPEAL from Superior Court, Los Angeles County; W. P. Wade, Judge.

Action by W. R. Light against E. W. Richardson. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Willis & Appel and Walter F. Haas for appellant; H. L. Valentine and Del Valle & Munday for respondent.

HAYNES, C.—The defendant appeals from a judgment rendered against him, and from an order denying a new trial. The facts are presented in several bills of exceptions.

The cause was set for March 3, 1892, in the superior court, and was on the calendar for trial. The defendant's attorneys were Messrs. Willis & Appel, and on that day Mr. Willis was absent from the county on business, and Mr. Appel was unable to be present on account of sickness. The defendant was present with his witnesses, and ready for trial but for the absence of his attorney. Another cause was then on trial,

and, in answer to an inquiry made by plaintiff's attorney, the court stated "that the case would not be reached, and, if reached, it would have to be continued on account of the sickness of Mr. Appel." The defendant and his witnesses soon after left the courtroom, and, owing to the illness of one of his attorneys and the absence of the other, received no instructions in regard to their future attendance. On the morning of March 4th, Mr. Appel being sick still, Mr. Willis moved the court for a continuance of the cause upon his own affidavit. The affidavit, in addition to the facts above mentioned, alleged that the case had been in Mr. Appel's charge; that it was understood and agreed between the firm of Willis & Appel and the defendant that Mr. Appel should try the case; that Mr. Appel had prepared it, and in consequence he (Mr. Willis) had given only a casual attention to it, either as to the law or the facts; that he had no opportunity of communicating with the defendant or his witnesses; that defendant was not notified to be in court on that day, and that he did not know where he was. The continuance was denied, and defendant excepted.

Without deciding the question whether the absence of Mr. Appel, who had charge of the case, and who, as appeared from the affidavit above mentioned, by agreement with the client was to try the case, would have entitled the defendant to a continuance, we think the absence of the defendant and his witnesses under the circumstances was excusable, and that the continuance should have been granted. The defendant was informed by the statement of the court that his attorney upon whom he relied was sick; that if the case should be reached that it would have to be continued for that reason; and, in the absence of the other member of the firm, we do not think it strange that he inferred that it would not be tried until Mr. Appel should recover from his sickness, and that he would be notified by his counsel of the time of trial. But, on the contrary, his presence with his witnesses at the time fixed for trial was sufficient evidence that his absence on the next day was attributable to some other cause; and that cause, we think, should have been attributed to the defendant's mistake of what was implied by the statement of the court in reference to a continuance of the case. It is clearly the intention of the code, while protecting the court from

imposition and unnecessary delays, to secure a reasonable opportunity to litigants to try their causes on the merits, to the end that justice may be done; and while no definite rule can be laid down, embracing all the different circumstances under which continuances should be granted, this spirit and intention of the code, which is especially manifested in section 473, Code of Civil Procedure, should always be borne in mind; for this much, at least, is certain: That, where the circumstances are such as would authorize the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, surprise, or excusable neglect, a continuance should be granted.

In respondent's brief some defects in the affidavit for continuance are pointed out. It is said that no merits are shown, and that the facts expected to be proved by the witnesses are not stated. It should be considered, however, that the affidavit was made by counsel not familiar with the details of the case, in the absence of his client, and that the pleadings were verified. We think that about all that Mr. Willis could have said, without subjecting himself to the charge of recklessness, was stated in his affidavit; and, besides, no objection appears to have been made to the affidavit upon these grounds upon the hearing of the motion for continuance. As to stating what is expected to be proved by absent witnesses, the language of the code is that "the court may require the moving party, where application is made on account of the absence of a material witness, to state upon affidavit the evidence which he expects to obtain": Code Civ. Proc., sec. 595. This requirement is not imperative, and certainly should not be made of counsel when he cannot have the aid of his client, if the absence of the client is excusable.

Other questions raised by appellant on his motion for a new trial need not be considered. We think the court erred in not granting the continuance, and that the judgment and order denying a new trial should be reversed and a new trial granted.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial granted.