RASPANTE IGNAZIO, PLAINTIFF-RESPONDENT, v. FIRE ASSOCIATION OF PHILADELPHIA, DEFENDANT-RESPONDENT, AND THE HOME INSURANCE COMPANY OF NEW YORK, DEFENDANT-APPELLANT.

Argued February 21, 1923—Decided June 7, 1923.

The issuance of a summons is the commencement of an action at law. Where, in an action upon a fire insurance policy containing the provision that no suit on the policy should be sustainable unless commenced within twelve months after the fire, it clearly appeared from the pleadings and proofs that the summons was not issued until more than twelve months after the fire, no recovery can be had under the policy.

On appeal from the Somerset County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *William V. Steele.*

For the defendant Fire Association of Philadelphia, *Arthur T. Dear.*

For the defendant Home Insurance Company of New York, *Vanderbilt & Hedden.*

The opinion of the court was delivered by

SWAYZE, J. Ignazio took out a policy of fire insurance in the Home Insurance Company of New York through one Nolan, a local agent. Subsequently this policy was increased in amount. Nolan acted both for the Home Insurance Company and the Fire Association of Philadelphia and had in his possession blank forms of policy which he had authority to fill in and issue.

On May 26th, 1921, the Home company canceled its policy and the Fire Association of Philadelphia issued a policy to Ignazio for one year from May 26th, 1921, at noon, against damage by fire. A fire occurred on May 31st, 1921, and the question is which company was liable for the loss.

The theory of the Fire Association of Philadelphia is that Ignazio had five days in which to secure new insurance and that the Home was liable on the old policy until a new one was issued. Whether that is true in case of a cancellation by the company need not be decided.

What happened was that Nolan upon receiving the instructions from the Home Insurance Company canceled their policy on his records, transferred the premium which had been paid to the account of the Fire Association of Philadelphia and wrote a new policy for a like amount in the Fire Association of Philadelphia on May 26th, and delivered that

policy to one Navatto for the purpose of handing it over to Ignazio, with instructions to get back the Home policy. Navatto failed to do this and put the policy in a pigeon hole in the office occupied jointly by him and Nolan, with the intention of subsequently turning over to Ignazio the policy of the Fire Association of Philadelphia and obtaining from him the Home policy.

On June 1st or 2d, after the fire on May 31st, Ignazio went to Nolan's office, reported the fire and gave Nolan a list of the property lost. Nolan requested the return of the Home policy and it was subsequently returned to him. The Fire Association policy was made out in the office of Nolan & Navatto and held until delivered to Steele, the attorney of the plaintiff, at Steele's request. The Home policy was turned over to an agent of the Home company after its return to Nolan. The premium for the Fire Association policy was paid to and retained by that company. Suit was brought by Ignazio against the Fire Association of Philadelphia.

The complaint averred that on May 26th, 1921 (that is, before the fire), the Home company, upon its own initiative, canceled and caused to be canceled its policy of insurance. In that action an interlocutory judgment was entered in favor of Ignazio and against the Fire Association of Philadelphia. This judgment was opened by an order reciting that it was necessary to make the Home Insurance Company a party. No new suit was begun, but a summons was issued against the Home Insurance Company on August 1st, 1922, more than twelve months after the fire. One of the defences pleaded is that no suit or claim on the policy should be sustainable unless commenced within twelve months next after the fire. This suit was not, in fact, commenced within one year after the happening of the alleged loss.

This defence seems to be established on the face of the papers, for it could hardly be said that a suit was begun before the summons was issued, and the summons shows on its face that it was not issued within twelve months after the fire. The defendant has also established the defence that the

present suit or action was not commenced within twelve months next after the fire. It is idle to say that the action into which the Home Insurance Company was forced by the action of the trial judge was within one year after the happening of the alleged loss by fire. An order was made, however, reciting a verdict in favor of the plaintiff and against the Home Insurance Company and finding the other issues of fact between the Home Insurance Company and plaintiff in favor of the plaintiff and against the defendant, the Home Insurance Company, and assessing damages; whereupon it was adjudged that the plaintiff recover of the defendant, the Home Insurance Company, the amount of the policy and costs. From this judgment the present appeal is taken. We think there is clear error in refusing to nonsuit the plaintiff as against the Home Insurance Company for failure to bring suit within the time fixed by the policy, and this alone requires reversal of the judgment against the Home Insurance Company. It may be gratifying to counsel to know that we have considered the cause on the merits also, and are satisfied that at the time of the fire the Home policy had been canceled, as the complaint avers, and the Fire Association policy had been issued in its stead. The premium for the insurance had been paid to the Fire Association and they retained the money without objection until after the suit was brought. The Fire Association policy was delivered to the attorney of the plaintiff at his request and the Home policy was turned back to the special agent of the Home. The Fire Association of Philadelphia could not, of course, retain the money for the premium and deny liability on the policy. What effect the error in refusing to nonsuit may have upon the judgment entered in favor of the Fire Association of Philadelphia we are not called on to decide. No appeal has been taken from that judgment. Let the judgment against the Home Insurance Company be reversed, with costs.,