[Civ. No. 3366.   Third Appellate District.—November 18, 1927.]

C. FRED HARLOW, Appellant, v. AMERICAN EQUI-
TABLE ASSURANCE COMPANY OF NEW YORK
(a Corporation), Respondent.

Milton M. Cohen for Appellant.

W. W. Hindman for Respondent.

FINCH, P. J.—This action was commenced June 30, 1924. The defendant's demurrer to the complaint was sustained, and thereafter the plaintiff filed an amended complaint reading as follows:

"Amended Complaint for Damages.

"The plaintiff herein, by leave of court first had and obtained, files this amended complaint herein and as and for such amended complaint and for cause of action against said defendant, avers as follows:

"I.

"That the said defendant at all the times herein mentioned was, and now is, a corporation organized and existing under and by virtue of the laws of the state of New York and having a place of business in the city of Los Angeles, county of Los Angeles, state of California.

"II.

"That the plaintiff herein on or about the 14th day of April, 1922, and for some time prior thereto, was the owner in fee of a certain piece of real property, together with all the improvements thereon, situate at Washington boulevard and Huron road, three-quarters (¾) of a mile west of Palms, in the county of Los Angeles, state of California.

"III.

"That on or about the 8th day of November, 1921, in the city of Los Angeles, county of Los Angeles, state of California, the said defendant falsely and fraudulently represented to this plaintiff that in consideration of the sum of one hundred and fifty ($150.00) dollars the said defendant, in the event of destruction of said property by fire within a period of three years from said 8th day of November, 1921, would within ninety (90) days after such fire, pay to this plaintiff all the damages and losses sustained by said plaintiff by reason of such fire not to exceed the sum of ten thousand ($10,000.00) dollars; that at the time the said defendant made said representations to this plaintiff, the said defendant had no intention to perform the same nor

any part thereof; that the said representations were made by said defendant with the intent to deceive and defraud this plaintiff and to induce this plaintiff to pay the said defendant the said sum of one hundred and fifty ($150.00) dollars; that this plaintiff fully believing that said representations were true and relying upon said representations as protecting this plaintiff against loss by fire in the sum of ten thousand ($10,000.00) dollars for the period of three years from said 8th day of November, 1921, was induced thereby to pay to the defendant on the said 8th day of November, 1921, in the city and county of Los Angeles, state of California, the said sum of one hundred and fifty ($150.00) dollars.

"IV.

"That thereafter, to-wit, on or about the 14th day of April, 1922, the said improvements situated upon the said property and contained therein were wholly destroyed by fire and that said property at the time of said destruction of same by fire was of the value of over ten thousand ($10,000.00) dollars.

"V.

"That the said defendant has not paid to this plaintiff the said sum of ten thousand ($10,000.00) dollars, or any part thereof, although this plaintiff has repeatedly demanded of said defendant the payment of said sum and by reason thereof this plaintiff has been damaged in the sum of ten thousand ($10,000.00) dollars.

"Wherefore, plaintiff prays judgment against the defendant in the sum of ten thousand ($10,000.00) dollars with interest thereon from the 14th day of July, 1922, and for costs of suit."

The defendant demurred to the amended complaint on the grounds that it "does not state facts sufficient to constitute a cause of action," that the action was not commenced "within fifteen months" after the alleged fire, and that the action was barred "by subdivision 1 of section 339 of the Code of Civil Procedure, . . . as the same was not commenced within two years after the alleged cause of action mentioned in plaintiff's amended complaint accrued." The demurrer was sustained with ten days leave to amend. Plaintiff failed to amend within the time allowed by the

court and judgment was thereupon entered dismissing the action. The plaintiff has appealed from the judgment.

The complaint alleges a contract of insurance, whether oral or written being immaterial. "A parol contract of insurance may be made and is enforceable." (*American C. Co.* v. *Agricultural I. Co.*, 12 Cal. App. 133, 135 [106 Pac. 720]; *Ferrar* v. *Western Assur. Co.*, 30 Cal. App. 489, 491 [159 Pac. 609]; *Smith* v. *Massachusetts Bonding etc. Co.*, 71 Cal. App. 661, 666 [236 Pac. 176]; *Law* v. *Northern Assur. Co.*, 165 Cal. 394, 400 [132 Pac. 590].) A standard form of insurance policy is prescribed by statute and the use of any other form is prohibited, except as permitted by the terms of the statute. (Stats. 1909, p. 404.) Both parties must be presumed to have entered into the contract of insurance with reference to the statutory form. (*Kavanaugh* v. *Franklin Fire Ins. Co.*, 185 Cal. 307, 315 [197 Pac. 99]; *General Acc. etc. Corp.* v. *Industrial Acc. Com.*, 196 Cal. 179, 187 [237 Pac. 33]; *Northern Ins. Co.* v. *National U. F. I. Co.*, 35 Cal. App. 481, 484 [170 Pac. 434]; *Hicks* v. *British American Assur. Co.*, 162 N. Y. 284 [48 L. R. A. 424, 56 N. E. 744].) The complaint does not allege that the plaintiff gave notice or made proof of loss as required by such standard policy, or at all. Such policy provides that no action thereon "shall be sustained . . . unless begun within fifteen months after the commencement of the fire." This action was begun more than two years after the alleged fire. From the foregoing facts it clearly appears that the suit cannot be sustained as an action on the contract of insurance, and appellant does not contend that it can be so maintained. In his reply brief it is said: "Respondents, in their argument, proceed upon the premises that this is an action for breach of contract. It is manifest, however, from the amended complaint, that the action is based solely upon fraud."

As stated, the complaint alleges an enforceable contract of insurance, under which the plaintiff, by proceeding in accordance with the terms thereof, as supplied by the statute, could have recovered against the defendant for the amount of his loss. The question is whether having failed to assert his rights under a valid contract which was binding upon the defendant, the plaintiff may now sue

for damages on the ground that, at the time of the execution of the contract, the defendant did not intend to perform its promise, even though such want of intention in no manner affected its liability. Section 1572 of the Civil Code provides that "a promise made without any intention of performing it" constitutes actual fraud within the meaning of the chapter in which that section appears. That chapter has to do with the freedom of consent of the parties to a contract. While, in a proper case, a defrauded party may rescind a contract or defend against its enforcement on the ground of the other party's fraud in its procurement without proving damage, it is axiomatic that damages cannot be recovered for a fraud which has caused no damage. "Generally speaking, plaintiff may recover when he shows that he has sustained some pecuniary damage or injury by reason of having been put in a position worse than he would have occupied if there had been no fraud, but he cannot recover where he does not show that he has sustained such damage or injury." (26 C. J. 1169.) ▮ Notwithstanding the alleged fraudulent character of the promise, the defendant was legally bound thereby as fully as if it had been made in good faith, and the alleged fraud did not put the plaintiff "in a position worse than he would have occupied if there had been no fraud." If the plaintiff has suffered damage, it has been due to his failure to pursue the remedies open to him under the contract of insurance and not to the alleged fraud of the defendant which had no possible effect upon those remedies.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 17, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.