The complaint alleged in substance that on 3 September, 1929, the defendant, through its Kinston agency, executed and delivered to the plaintiff's intestate a certain fire insurance policy covering property *Page 346 
described in the policy; and furthermore, that on 14 November, 1929, the property was destroyed by fire, and that the loss sustained by reason thereof was $1,500.
It was further alleged that the defendant, through its agents, represented to plaintiff's intestate that the land and property described in the policy of insurance, were covered by a mortgage invalidating the provisions of said policy and declined to make settlement by reason thereof. "That the said defendant, through its agents, held several conferences with the plaintiff and his counsel, in all of which said conferences the said defendant asserted positively that the premises upon which the building stood and which were destroyed by fire, were covered by a mortgage avoiding the policy, and that no liability existed thereon; that the said plaintiff, acting and relying upon said statements, representations and inducements made by the defendant, through its agents and employees, desisted from bringing suit on said policy, . . . until after the time within which said plaintiff could, under the terms of said policy, bring action, had expired." The action was instituted on 26 February, 1932.
The defendant demurrer upon the ground that it appeared from the complaint that the action was not commenced within twelve months after the fire as required by the terms of the policy, and that the complaint did not state a cause of action.
The judgment of the court sustained the demurrer upon the ground that it appeared "to the court that the plaintiff did not institute his action on the policy sought to be recovered on within the twelve months next after the fire, and under the terms of said standard fire insurance policy of the State of North Carolina, the type of the policy sued on, it is required, as a condition precedent to the maintenance of any action for recovery thereon that such action shall be commenced within said period."
From the foregoing judgment plaintiff appealed.
The decisions of this Court are to the effect that the contractual limitation of twelve months in which to bring suit, inserted in a fire insurance policy by virtue of C. S., 6437, is valid and binding. Holly v.London Assurance Co., 170 N.C. 4, 86 S.E. 694; Tatham v. Insurance Co.,181 N.C. 434, 107 S.E. 450.
The cause of action is laid upon the policy, and it is manifest that the suit cannot be maintained.
Affirmed. *Page 347