[S. F. No. 16780.   In Bank.   Dec. 6, 1944.]

FRED M. BOLLINGER, as Trustee in Bankruptcy, etc., Appellant, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT (a Corporation), Respondent.

Fred M. Bollinger, in pro. per., Jack J. Miller and Kenneth M. Johnson for Appellant.

Long & Levit and Bert W. Levit for Respondent.

TRAYNOR, J.—Plaintiff, as trustee in bankruptcy, brought this action to recover on a policy of fire insurance issued to the bankrupt, Kwan Tow. The policy follows the standard form prescribed by the Insurance Code, sections 2070 and 2071. It requires the insured to give the insurer written notice of loss without unnecessary delay; to separate the damaged property from that which is undamaged and put it in the best possible order; to make an inventory stating the quantity and cost of each item, and the amount claimed thereon;

to submit detailed preliminary proof within sixty days after the fire; to submit the amount of loss to arbitration if the insurer does not assent to the amount claimed within twenty days after receipt thereof or if an agreement is not otherwise reached. The policy also provides that ''A loss hereunder shall be payable in thirty days after the amount thereof has been ascertained either by agreement or by appraisement . . .'' and that ''No suit or action on this policy for the recovery of any claim shall be sustained, until after full compliance by the insured with all the foregoing requirements, nor unless begun within fifteen months next after the commencement of the fire.''

The complaint incorporates the policy by reference and alleges that plaintiff was appointed trustee of the bankrupt's estate on September 20, 1939; that on September 27, 1939, the property insured was partially destroyed by fire; that on November 18, 1939, plaintiff and the insured submitted proof of loss to defendant as required by the policy; that plaintiff and the insured have performed all the conditions set forth in the policy; that on December 22, 1939, plaintiff and defendant's agent entered into an agreement fixing the amount of loss at $1,160.25; that defendant denied all liability under the policy on the grounds that at the time of the fire the insured was not the sole and unconditional owner of the insured personal property, that at the time of the destruction of the property there was a change in ''the interest in, title to, or possession of the subject of insurance,'' and that under the terms of the policy such a change has made the policy void. The complaint alleges further that on January 15, 1940, shortly after the plaintiff was advised that the defendant denied all liability under the policy, he brought suit in the Superior Court of San Joaquin County to recover on the policy and on defendant's motion the action was transferred to the Municipal Court of the City and County of San Francisco; that defendant requested and obtained from plaintiff and the court numerous continuances and extensions of time thereby delaying the time of trial until January 8, 1941; that after plaintiff presented his evidence, defendant moved for a nonsuit upon the ground that the action had been prematurely filed because thirty days had not elapsed from the time of agreement upon the amount of loss; that the motion was granted and judgment upon the nonsuit entered February 21,

1941; that on February 25, 1941, plaintiff filed the present action in the Superior Court of Contra Costa County alleging that plaintiff learned for the first time on January 8, 1941, the time of trial of the first action, that defendant was relying upon the defense that the action was premature and that had he known earlier he would have dismissed that action and filed a new one within the time permitted by the policy; that this defense was not set up or disclosed in defendant's demurrer or answer in that action and that by reason of this fact and the numerous continuances and extensions of time obtained, defendant waived the requirement that suit be commenced fifteen months from the time of the fire. Defendant demurred, claiming that the action was barred because it was commenced more than fifteen months after the fire. The trial court sustained the demurrer without leave to amend and entered judgment for defendant. Plaintiff appeals.

This appeal is not from the judgment of nonsuit given in the municipal court, nor is the purpose of this appeal or this decision to attack that judgment collaterally, for its effect as res judicata on the issue of nonsuit is conceded. ▮ A nonsuit, however, does not prevent another action from being brought or maintained, and if pleaded in bar is not res judicata on the merits or on any other issue than that of the nonsuit itself. (*Gates* v. *McLean,* 70 Cal. 42 [11 P. 489] ; *Slocum* v. *New York Life Ins. Co.,* 228 U.S. 364 [33 S.Ct. 523, 57 L. Ed. 879].) Plaintiff does not contend that the municipal court did not have jurisdiction to try the case or that the nonsuit is not binding on him but admits its validity and urges this court to declare that its scope and evidentiary value against him does not bar his present attempt to secure a hearing on the merits. The action in which this appeal is taken is essentially the same as that in which the nonsuit was granted, for the parties, facts, and cause of action are identical, and but for the granting of defendant's motion for nonsuit this action would not have arisen. The proceedings in the municipal court cannot be ignored in reviewing the factual background of this action. They are indeed the very facts and only facts on which defendant's demurrer must stand or fall. From the statement of facts in the complaint, which were not denied, and which, for the purpose of ruling on the demurrer, are therefore to be taken as true, it clearly appears that defendant's motion for nonsuit should have been denied.

■ The action was not premature. Plaintiff, from the time he succeeded to the rights of the bankrupt under the policy of insurance upon which this action is founded to the time of this appeal, faithfully performed all conditions required of the insured by the terms of the policy. If defendant had not denied liability the loss would have been payable under the terms of the policy thirty days after the parties had agreed upon the amount thereof. Defendant, however, unconditionally denied liability, leaving plaintiff no alternative but to sue to enforce the claim of the bankrupt. The period of thirty days is allowed an insurance company so that it will have time to investigate to determine its course of action in response to a claim against it. It may exercise the option given it in the policy to "repair, rebuild or replace" the damaged building or machinery "within a reasonable time" on giving notice of its intention to do so; it may decide to pay the loss agreed upon; or it may determine that it has a valid defense to the claim of liability. If an insurance company unconditionally denies liability it would serve no purpose to require the insured to delay suit further. As the court declared in *Paez* v. *Mutual Indem. etc. Ins. Co.*, 116 Cal.App. 654, 660 [3 P.2d 69], "The obvious purpose of the provision inhibiting the institution of an action within the sixty-day period is to permit the company to make an investigation of the circumstances surrounding the loss, but if the company makes an outright denial of liability there can be no excuse for delay in commencing an action for the purpose of determining whether the company's claim of nonliability is well taken. It would be an idle act to insist upon compliance with the requirement for delay in bringing an action which the law 'neither does nor requires.' (Civ. Code, sec. 3532; *Farnum* v. *Phoenix Ins. Co.*, [83 Cal. 263 (23 P. 869, 17 Am.St. Rep. 233)] *supra.*)" ■ The rule is therefore settled in this court, as in the federal and most state courts, that an unconditional denial of liability by the insurer after the insured has incurred loss and made claim under the policy gives rise to an immediate right of action. (*Paez* v. *Mutual Indem. etc. Ins. Co., supra; Williams* v. *Hartford Ins. Co.*, 54 Cal. 442, 448 [35 Am.Rep. 77]; *Carroll* v. *Girard F. Ins. Co.*, 72 Cal. 297, 299 [13 P. 863]; *Millard* v. *Legion of Honor*, 81 Cal. 340, 349 [22 P. 864]; *Farnum* v. *Phoenix Insurance Co.*, 83 Cal. 246, 263 [23 P. 869, 17 Am.St.Rep. 233]; *McCollough* v.

*Home Ins. Co.,* 155 Cal. 659, 663 [102 P. 814, 18 Ann. Cas. 862]; *Wilkinson* v. *Standard Acc. Ins. Co.,* 180 Cal. 252, 258 [180 P. 607]; *Grant* v. *Sun Indemnity Co.,* 11 Cal.2d 438, 440 [80 P.2d 996]; *Lee* v. *United States Fire Ins. Co.,* 55 Cal.App. 391, 395-96 [203 P. 774]; *Francis* v. *Iowa Nat. Fire Ins. Co.,* 112 Cal.App. 565, 573-74 [297 P. 122]; *Hill* v. *Mutual Benefit Health etc. Assn.,* 136 Cal.App. 508, 512 [29 P.2d 285]; *Fohl* v. *Metropolitan Life Ins. Co.,* 54 Cal.App.2d 368, 383 [129 P.2d 24]; *Trousdell* v. *Equitable Life Assur. Soc.,* 55 Cal. App.2d 74, 84 [130 P.2d 173]; see 7 Couch on Insurance (1930), § 1656b, pp. 5755-56 and Cum.Supp. p. 83, citing cases in support of the general rule from the Supreme Court of the United States, Canada, and twenty-eight state courts; 5 Joyce, Insurance, (2d ed.), § 3211; Civ. Code, § 1440; *cf.* dictum in *Genuser* v. *Ocean Accident etc. Corp.,* 57 Cal.App.2d 979, 983 [135 P.2d 670].) The desirability of the rule is apparent, for if a waiting period were necessary notwithstanding the election of the insurer to deny liability, it would become a trap for the unwary, and would encourage dilatory tactics as in the present case. *Irwin* v. *Insurance Co. of North America,* 16 Cal.App. 143 [116 P. 294] and *Borger* v. *Connecticut Fire Ins. Co.,* 29 Cal.App. 476 [156 P. 70] are therefore disapproved.

The insurance policy incorporated by reference in the complaint is of the usual complexity. While courts are diligent to protect insurance companies from fraudulent claims and to enforce all regulations necessary to their protection, it must not be forgotten that the primary function of insurance is to insure. ■ When claims are honestly made, care should be taken to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits (*Grant* v. *Sun Indemnity Co., supra; Glickman* v. *New York Life Ins. Co.,* 16 Cal.2d 626 [107 P.2d 252, 131 A.L.R. 1292]; 13 Appleman, Insurance Law and Practice (1943), § 7385, p. 37; see *New York Life Ins. Co.* v. *Eggleston,* 96 U.S. 572, 577 [24 L.Ed. 841]; *Kansas City Life Ins. Co.* v. *Davis,* (C.C.A. 9) 95 F.2d 952, 957; *American Credit Indemnity Co.* v. *W. K. Mitchell & Co.,* (C.C.A. 3) 78 F.2d 276, 277-78; Langmaid, *Waiver and Estoppel in Insurance Law,* 20 Cal.L.Rev. 1, 40-41; 7 U.Pitt.L.Rev. 148-50).

■ Defendant's position would not be improved had the action in fact been premature, for defendant had lost the

privilege to urge this defense by failing to plead it plainly and to assert it promptly. Dilatory tactics are not favored by the law, for they waste the court's time, increase the cost of litigation unnecessarily, and may easily lead to abatement of an action on purely technical grounds after the statute of limitations has run. (1 C.J.S. Abatement and Revival, § 193; *Bemmerly* v. *Woodward,* 124 Cal. 568, 574 [57 P. 561]; *Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565 [194 P. 1024]; *Seches* v. *Bard,* 215 Cal. 79 [8 P.2d 835]; *California Thorn Cordage, Inc.* v. *Diller,* 121 Cal.App. 542 [9 P.2d 594].) Defendant's plea of prematurity was a dilatory plea in abatement, unrelated to the merits and not asserted for nearly a year after plaintiff's action was filed. Under these circumstances defendant loses its privilege to raise it.

Defendant contends, however, that the defense was properly pleaded by the following language in its answer: "that neither the whole of said loss nor any part thereof was or is due, owing or payable to plaintiff or to Kwan Tow or to anyone at the time of the commencement of this action, at the present time or at any other time, or at all. . . ." It cites cases holding that such a denial is sufficient to raise the issue of prematurity. None of the cases cited, however, involved a delay so long that the policy limitation period expired or the failure promptly to assert the defense. There is nothing in the language quoted to put plaintiff on notice of anything other than a general denial of liability under the policy. Defendant's requests for additional time did not indicate any intent to rely on premature filing, for extensions of time for trial are not necessary to raise the defense of prematurity.

While courts are indulgent in granting continuances to litigants to allow them a reasonable time to prepare for a trial on the merits, they must also guard against imposition and unreasonable delays. (*Estate of Bollinger,* 145 Cal. 751, 753 [79 P. 427]; *Light* v. *Richardson,* 3 Cal.Unrep. 745, 746-47 [31 P. 1123]; see Code Civ. Proc., §§594a, 595, 596.) Not only was there nearly a year's delay in the present case but the nonsuit prevented a trial on the merits.

Under the circumstances it would be a perversion of the policy of the statute of limitation to deny a trial on the merits. As the Supreme Court of the United States declared in *Order of R. Telegraphers* v. *Railway Exp. Agency* (1944), 321 U.S. 342, 348 [64 S.Ct. 582, 88 L.Ed. 788], "Stat-

utes of limitation . . . in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put an adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them. Here, while the litigation shows no evidence of reckless haste on the part of either party, it cannot be said that the claims were not timely pursued.'' (See, also, 190 Law Times 303-05.) The short statutory limitation period in the present case is the result of long insistence by insurance companies that they have additional protection against fraudulent proofs, which they could not meet if claims could be sued upon within four years as in the case of actions on other written instruments (Code Civ. Proc., § 337). Originally the shortened limitation periods were inserted into policies by insurers. Some courts declared such provisions void as against public policy while other courts enforced them in order to protect freedom of contract. (See cases collected, 41 Yale L.J. 1069-75.) In refusing to permit a short limitation period to defeat a claim that had been brought in good time and diligently pursued, the court in *Genuser* v. *Ocean Accident etc. Corp.*, 57 Cal. App.2d 979, 986 [135 P.2d 670], declared ''We assume that the limitations of time within which suit may be brought which are commonly found in insurance policies are placed there in good faith and to serve a wholly proper and meritorious purpose. We do not doubt that experience has demonstrated the wisdom of providing by contracts of insurance shorter periods for the institution of actions than those provided by law, but the purpose of such limitations is to obtain the advantage of an early trial of the matters in dispute and to make more certain and convenient the production of evidence upon which the rights of the parties may depend'' but ''it is clear to us that defendant's conduct furnished the occasion for the delay and that it cannot take advantage of a situation which was of its own creation.'' Under the circumstances of the present case it would be manifestly unjust for this court to prevent a trial on the merits, which the law favors (*Berri* v. *Rogero*, 168 Cal. 736, 741 [145 P. 95]; *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 P. 148]; 13 Cal.L.Rev. 363), thereby in-

curring a technical forfeiture of the insured's rights, which the law discourages (*Grant* v. *Sun Indemnity Co., supra; Glickman* v. *New York Life Ins. Co., supra;* see 7 U.Pitt.L.Rev. 148), by enforcing the fifteen-month limitation period when the prior action was filed promptly and long before the period expired.

The statutes of most states provide that when an action is brought in good time and diligently pursued, but defeated by some technicality unrelated to the merits, a new action may be brought within a certain period, usually six months or a year, which shall be deemed a continuance of the former action. These statutes have their origin in section 4 of the English Limitation Act of 1623.* (*Wood* v. *Carpenter,* 101 U.S. 135, 139 [25 L.Ed. 807]; *Gaines* v. *City of New York,* 215 N.Y. 533, 537 [109 N.E. 594, Ann.Cas.1916A 259, L.R.A. 1917C 203].) Although there is a conflict in the cases where the limitation period is contractual, in the several jurisdictions, except Michigan, that have adopted a standard form of insurance policy by statute, as California has, it has been held that these or other remedial statutes designed to prevent technical forfeitures under statutes of limitation also apply to the limitation period incorporated by statute into every insurance policy. (See cases collected in 23 A.L.R. 97, 106-109; 149 A.L.R. 483, 491-492.) The reason for such a rule has particular force when the Legislature has shortened the limitation period from four years, controlling actions on other written instruments (Code Civ. Proc., § 337), to fifteen months on fire insurance policies (Ins. Code, § 2071), since the probability of technical forfeiture is all the greater. The California counterpart of such statutes is section 355 of the Code of Civil Procedure, copied from section 84 of the New York Code of Procedure, which in turn was based on section 4 of the English Limitation Act of 1623. (*Gaines* v. *City of New*

---

*"'If in any of the said actions or suits, judgment be given for the plaintiff, and the same be reversed by error, or a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, that he take nothing by his plaint, writ or bill; or if any of the said actions be brought by original, and the defendant therein be outlawed, and shall after reverse the outlawry; that in all such cases the party plaintiff, his heirs, executors or administrators, as the case shall require, may commence a new action or suit, from time to time, within a year after such judgment reversed, or such given against the plaintiff, or outlawry reversed, and not after.'' (21 Jac. 1, c. 16, s. 4.)

*York, supra.*) Simplified by the elimination of references to particular English forms of practice, section 355 provides: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal." If construed literally as applying only in the event of reversals on appeal, section 355 would not give the protection that the English statute afforded to a plaintiff who had unsuccessfully pursued his right in a previous suit. Even the English statute, however, had to be supplemented by judicial construction and applied beyond its literal language to accomplish its purpose. "One may perhaps venture to say that the judges took rather a liberty with the statute, but I presume the origin of the doctrine is to be found in the hardship inflicted in particular cases on the litigant or his estate through no fault of his own by a rigid adherence to the terms of s. 4." (Lopes, L.J. in *Swindell* v. *Bulkeley,* 18 Q.B. 250; *Hayward* v. *Kinsey,* 12 Mod. 568, 88 Eng.Rep. 1526; *Hodsen* v. *Harridge,* 2 Wms.Saund. 64, 85 Eng.Rep. 693; *Curlewis* v. *Mornington,* 7 El.&Bl. 285, 119 Eng.Rep. 1252; see *Gaines* v. *City of New York, supra,* at p. 537.)

The New York Court of Appeals in the Gaines case, speaking through Judge Cardozo, held that statutes that have their roots in the English statute should be construed with similar liberality: "We think that whatever verbal differences exist, the purpose and scope of the present statute are identical in substance with its prototype, the English Act of 1623. . . . The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." Although the Gaines case involved the section of the New York Code of Procedure that succeeded section 84 of that code from which section 355 of the California Code of Civil Procedure was taken, the doctrine of construction set forth therein did not rest on the wording of the new section but on the basic policy of the statute. The wording of section 355 is reminiscent of the old English statutes that specified situations instead of formulating general

rules. As presently worded it protects a plaintiff who has mistaken his remedy if he was awarded a judgment in the first instance and defeated on appeal. There is all the more reason to protect a plaintiff, as in the present case, who has not mistaken his remedy but through error of the trial court was not allowed to proceed to trial. The basic policy that underlies section 355 calls for relief in such a case. (See Code Civ. Proc., § 4.)

In any event this court is not powerless to formulate rules of procedure where justice demands it. Indeed, it has shown itself ready to adapt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Tuller* v. *Superior Court,* 215 Cal. 352 [10 P.2d 43]; see 31 Cal.L.Rev. 225, 227; see, also, *Rogers* v. *Duhart,* 97 Cal. 500, 504 [32 P. 570]; California Constitution, art. VI, § 4½; Code Civ. Proc., §§ 355, 356, 473, 475; Civ. Code, §§ 3523, 3528.) The Wennerholm case, *supra,* is typical. The Legislature enacted section 472(c) of the Code of Civil Procedure to do away with the unduly technical rule that required plaintiff to request leave to amend, even though the trial court had already sustained a demurrer without leave to amend, before he could seek appellate review of the trial court's order. Although the action was pending at the time of the enactment, the court refused to follow the cases that had established the technical requirement, thus adopting the rule in 472(c) before it became law. It was also held that where amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought upon the same general set of facts (see, also, cases collected in 16 Cal.Jur., § 143, pp. 547-548), recognizing that despite the new filing, the action is still the same. ▮ In the present case plaintiff brought his action on the policy in good time and diligently pursued it. The nonsuit was erroneous and unrelated to the merits. But for the unreasonable delay in bringing the action to trial, the limitation period would not have expired and ample time would have remained to file a new action. Since this action is in reality a continuance of the earlier action involving the same parties, facts,

and cause of action, and was promptly filed after entry of judgment on the nonsuit, plaintiff should not be deprived of a trial on the merits because he failed to seek other remedies in the municipal court. ▉ Statutes of limitations are not so rigid as they are sometimes regarded. Under certain circumstances property rights or immunities may be acquired as a result of the running of the statutory period, but the period will be extended or tolled by the occurrence of certain events, which may be the subject of conflicting evidence, such as absence from the state or disability. (Code Civ. Proc., § 351 et seq.) ▉ It is established that the running of the statute of limitations may be suspended by causes not mentioned in the statute itself. (*Braun* v. *Sauerwein,* 10 Wall. (77 U.S.) 218, 223 [19 L.Ed. 895]; *Collins* v. *Woodworth,* 109 F.2d 628, 629.) ▉ It is settled in this state that fraudulent concealment by the defendant of the facts upon which a cause of action is based (*Kimball* v. *Pacific Gas & Elec. Co.,* 220 Cal. 203 [30 P.2d 39]) or mistake as to the facts constituting the cause of action (*Davis etc. Co.* v. *Advance etc. Works, Inc.,* 38 Cal.App.2d 270 [100 P.2d 1067]; see 16 Cal.Jur. 505) will prevent the running of the period until discovery. ▉ Principles of equity and justice, which moved this court in the Kimball case, *supra,* to grant relief are likewise controlling here. There is no need to make fine distinctions as to the persons who owe a duty to disclose. The Kimball case involved an employer whose fiduciary obligations to his employees were uncertain. The present case involves an insurer whose duty of good faith in dealing with the insured is well established. (See 13 Appleman, Insurance Law and Practice 37; Vance, Insurance (1930) 74.) It is likewise unnecessary to dwell upon the contention that the insurer's duty of good faith to its insured arises at the time of contracting and persists throughout the period when premiums are paid and no return is sought, but that when a loss occurs and the insured seeks to obtain the compensation provided in the contract, the parties deal at arm's length. It is sufficient to hold that the equitable considerations that justify relief in this case are applicable whether defendant violated a legal duty in failing to disclose its intention to set up this technical defense, or whether it is now merely seeking the aid of a court in sustaining a plea that would enable it to obtain an unconscionable advantage and enforce a forfeiture.

The judgment is reversed with directions to the trial court to overrule the demurrer.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

SCHAUER, J., Concurring and Dissenting.—I concur in the judgment but reach my conclusion upon a different ground and dissent from certain propositions declared in the majority opinion as hereinafter indicated. That opinion, in effect, reviews the judgment which was rendered in the municipal court in the preceding action. I agree with the majority statement by Mr. Justice Traynor that, upon the facts as pleaded here, it appears that in the municipal court action "defendant's motion for nonsuit should have been denied." But concluding that the municipal court erred at that time in that action is immaterial on this appeal. The fact remains that the municipal court did grant the motion, did determine that such action was prematurely brought, and did enter judgment of dismissal. We have no power, on this appeal from the judgment of another court in another action, to vacate the judgment in the previous action in the municipal court. We cannot revive that action in the guise of sustaining this one. The only materiality of that one here concerns not what should have been done but what was done.

As a secondary basis for its conclusion Justice Traynor's opinion declares, "Defendant's position would not be improved had the action [in the municipal court] in fact been premature, for defendant *had lost the privilege to urge this defense by failing to plead it plainly and to assert it promptly. . . .* Defendant's plea of prematurity was a dilatory plea in abatement, unrelated to merits and not asserted for nearly a year after plaintiff's action was filed. *Under these circumstances defendant loses its privilege to raise it."* (Italics added.) I do not know whether Justice Traynor intends to imply that the trial court in such a situation *loses jurisdiction* to entertain a special dilatory plea or merely errs in sustaining it. If he means the former it seems to be a rather drastic innovation of law to promulgate without precedent, and if he means the latter, then, obviously, his attack on the municipal court judgment is collateral. Assuming that that court abused its discretion in entertaining the dilatory plea when it was so tardily raised, nevertheless, *that court,* not this one, possessed the jurisdiction to, and did, pass on the plea. *The action in*

*the municipal court, erroneously or otherwise, was ended by the judgment of dismissal. The new action, in which this appeal is taken, was not commenced until the complaint in it was filed.* (Code Civ. Proc., §§ 350 and 405.) That date is February 25, 1941, and it is with that date we must reckon in determining whether the action is barred by the statute of limitations.

In seeking to avoid the bar of the statute here Justice Traynor goes on to declare that ''The statutes of most states provide that when an action is brought in good time and diligently pursued, but defeated by some technicality unrelated to the merits, a new action may be brought within a certain period, usually six months or a year, which *shall be deemed a continuance of the former action. . . .* In any event, this court is not powerless to formulate rules of procedure where justice demands it. . . . Since this action is in reality *a continuance of the earlier action* involving the same parties, facts, and causes of action, and was promptly filed after entry of judgment on the nonsuit, plaintiff should not be deprived of a trial on the merits because he failed to seek other remedies in the Municipal Court.'' (Italics added.) While legislation such as that which Justice Traynor says ''The statutes of most states provide'' would seem desirable under the circumstances of the case before us, the fact remains that in California the statutes do not so provide. I do not feel at liberty to concur in supplying the lacking legislation. Statutes of limitation are more than ''rules of procedure.'' In addition to the fact that the prescribing of limitation periods, otherwise than by contract, is essentially a legislative function, it is the law that parties acquire vested rights through the operation of statutes (or contracts) of limitation when the prescribed period has completely run and even the Legislature cannot retroactively enlarge a period which has expired. (See *Peiser* v. *Griffin* (1899), 125 Cal. 9, 14 [57 P. 690]; *Chambers* v. *Gallagher* (1918), 177 Cal. 704, 708-709 [171 P. 931].) Hence we have no right to innovate the amendment decreed by the majority opinion and give it retroactive effect.

But there is a sound basis upon pre-existing statutes for reaching the conclusion that the present action is not barred. The Legislature has fixed four years (Code Civ. Proc., § 337) as being ordinarily the reasonable period within which an action founded upon an instrument in writing shall be

brought, but by the provisions of sections 2070 and 2071 of the Insurance Code has prescribed "fifteen months next after the commencement of the fire" as the period within which an action for the recovery of a claim upon a fire insurance policy must be instituted. This special limitation is required to be set forth in every policy and, by reason of such statute, it is to be deemed included in every policy, regardless of whether it is actually written therein. (See *Brown* v. *Ferdon* (1936), 5 Cal.2d 226, 230 [54 P.2d 712]; *Hales* v. *Snowden* (1937), 19 Cal.App.2d 366, 369 [65 P.2d 847]; *Mueller* v. *Elba Oil Co.* (1942), 21 Cal.2d 188, 204 [130 P.2d 961]; *Fernelius* v. *Pierce* (1943), 22 Cal.2d 226, 243 [138 P.2d 12]; *Baugh* v. *Rogers* (1944), 24 Cal.2d 200, 215 [148 P.2d 633].) It derives its effectiveness from the statute. The same statute also prescribes certain requirements as to notification, proof, ascertainment of loss, and lapse of time, which must be met *before* an action can be "sustained." It specifically provides that "No suit or action . . . for the recovery of any claim shall be *sustained, until after* full compliance by the insured with all of the foregoing requirements, nor unless *begun* within fifteen months next after the commencement of the fire." (Italics added.)

The meaning of the word "sustained," and the effect of the clause in which it appears, might be open to argument if the defendant here had not already committed itself to its understanding of a definite meaning for that word and the clause, and enforced that meaning on the plaintiff. This section, on its face, would seem open to the meaning that an action on the policy could be *commenced at any time* "within fifteen months next after the commencement of the fire" but that it could not be *"sustained,"* as by a judgment for plaintiff, until the lapse of the required time, etc. But the meaning attributed to the clause by defendant, and adopted by the municipal court in granting defendant's motion for nonsuit, is not merely that an action assertedly prematurely brought can be abated during the incompetent period and until the specified requirements have been met, but is, rather, that such an action must be dismissed. In other words, the position of the defendant, as invoked in the preceding action, and held by the court in a judgment which has become final, is that the provision in question amounts to a *statutory prohibition staying the commencement of the action.* Defendant cannot be

permitted to invoke the benefits of a statutory prohibition against the commencement of an action on the policy without also bearing the burden of such statutory prohibition. Section 356 of the Code of Civil Procedure is a general law of the state, applicable under the circumstances shown. It provides that "When the commencement of an action is stayed by . . . statutory prohibition, the time of the continuance of the . . . prohibition is not part of the time limited for the commencement of the action." Excluding the time during which, on defendant's theory, plaintiff was prohibited from commencing the action, his second complaint was filed in time.

For the reasons above stated I concur in the judgment of reversal.

EDMONDS, J.—Some months ago, upon an opinion written by Mr. Justice Traynor, this court affirmed the judgment in favor of the insurer. (*Bollinger* v. *National Fire Ins. Co.,* *(Cal.) 147 P.2d 611.) I concurred in the decision and nothing was developed upon the rehearing to change my views that the applicable law was then correctly applied to the uncontroverted facts. The present discussion of my associate omits all reference to the principal contentions of the parties and places the decision upon a ground correctly designated by Mr. Justice Schauer as judicial legislation. I assert with confidence that the rule of procedure which is now promulgated as justification for reversing the judgment has no sound legal basis, and I adhere to the principles which were stated and applied in the former opinion.

In California, all fire insurance must be written upon a standard form of policy which, in part, provides: "No suit or action on this policy for the recovery of any claim shall be sustained, until after full compliance by the insured with all of the foregoing requirements, nor unless begun within fifteen months next after the commencement of the fire." (Ins. Code, § 2071.) The fire which occasioned the damage for which the appellant demands reimbursement occurred about eighteen months before this action was filed. Relying upon the provision of the statutory policy, the insurer demurred upon the ground that the action was begun subsequent to the expiration of the period of limitation. The trial court sustained the demurrer without leave to amend, and entered

---

*Rehearing granted.

judgment for the insurer. The issue, consequently, concerns the propriety of that ruling.

The language of the policy, the appellant asserts, must be interpreted as permitting an insured to commence an action within fifteen months from the time the cause of action accrues, which, he declares, is the date "it was first possible to file a suit under the policy" after the amount of loss has been ascertained. The courts of a small minority of states have so construed policy provisions such as the one required by our statute. (*Ellis* v. *Council Bluffs Ins. Co.*, 64 Iowa 507 [20 N.W. 782]; *German Ins. Co.* v. *Fairbank*, 32 Neb. 750 [49 N.W. 711, 29 Am.St.Rep. 459]; *Sample* v. *London etc. F. Ins. Co.*, 46 S.C. 491 [24 S.E. 334, 57 Am.St.Rep. 701, 47 L.R.A. 696]; *Boston Marine Ins. Co.* v. *Scales*, 101 Tenn. 628 [49 S.W. 743]; *Hong Sling* v. *Royal Ins. Co.*, 8 Utah 135 [30 P. 307]; *McFarland & Steele* v. *Peabody Ins. Co.*, 6 W.Va. 425.) The great weight of authority, however, holds that the clear terms of such a limitation will be enforced and, accordingly, a policy providing that no action will be sustained "unless begun within fifteen months next after commencement of the fire" simply fixes a period beyond which the insured may not sue. (*Provident Fund Soc.* v. *Howell*, 110 Ala. 508 [18 So. 311]; *Daly* v. *Concordia Fire Ins. Co.*, 16 Colo.App. 349 [65 P. 416]; *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510 [51 A. 545]; *Gibralter Fire & Marine Ins. Co.* v. *Lanier*, 64 Ga.App. 269 [13 S.W.2d 27]; *Maxwell Bros.* v. *Liverpool etc. Ins. Co.*, 12 Ga.App. 127 [76 S.E. 1036]; *McDaniel* v. *German-American Ins. Co.*, 134 Ga. 189 [67 S.E. 668]; *Williams* v. *Greenwich Ins. Co.*, 98 Ga. 532 [25 S.E. 31]; *Trichelle* v. *Sherman & Ellis Inc.*, 259 Ill.App. 346; *Western Coal etc. Co.* v. *Traders Ins. Co.*, 122 Ill.App. 138; *Colonial Mut. F. Ins. Co.* v. *Ellinger*, 112 Ill.App. 302; *Oakland Home Ins. Co.* v. *Allen*, 1 Kan.App. 108 [40 P. 928]; *State Ins. Co. of Des Moines* v. *Stoffels*, 48 Kan. 205 [29 P. 479]; *Smith* v. *Herd*, 110 Ky. 56 [60 S.W. 841, 1121]; *Owen* v. *Howard Ins. Co.*, 87 Ky. 571 [10 S.W. 119]; *Guccione* v. *New Jersey Ins. Co.* (La.App.) 167 So. 845; *Tracy* v. *Queen City F. Ins. Co.*, 132 La. 610 [61 So. 687, Ann.Cas.1914D 1145]; *Blanks* v. *Hibernia Ins. Co.*, 36 La.Ann. 599; *Carraway* v. *Merchants Mut. Ins. Co.*, 26 La.Ann. 298; *Earnshaw* v. *Sun Mut. Aid Soc.*, 68 Md. 465 [12 A. 884, 6 Am.St.Rep. 460]; *Metropolitan Life Ins. Co.* v. *Dempsey*, 72 Md. 288 [19 A. 642]; *Fullam* v. *New*

*York Union Ins. Co.*, 7 Gray (Mass.) 61 [66 Am.Dec. 462];
*Little* v. *Phoenix Ins. Co.*, 123 Mass. 380 [25 Am.Rep. 96];
*Dahrooge* v. *Rochester-German Ins. Co.*, 177 Mich. 442 [143
N.W. 608, 48 L.R.A.N.S. 906]; *Shackett* v. *People's Mut. Ben.
Soc.*, 107 Mich. 65 [64 N.W. 875]; *Peck* v. *German F. Ins. Co.*,
102 Mich. 52 [60 N.W. 453]; *Rottier* v. *German Ins. Co.*, 84
Minn. 116 [86 N.W. 888]; *Willoughby* v. *St. Paul German
Ins. Co.*, 68 Minn. 373 [71 N.W. 272]; *Grigsby* v. *German
Ins. Co.*, 40 Mo.App. 276; *Bradley* v. *Phoenix Ins. Co.*, 28 Mo.
App. 7; *Glass* v. *Walker*, 66 Mo. 32; *Ignazio* v. *Fire Assn. of
Phila.*, 98 N.J.L. 602 [121 A. 456]; *Electric Gin Co.* v. *Fire-
man's Fund Ins. Co.*, 39 N.M. 73 [39 P.2d 1024]; *Biloz* v.
*Tioga etc. Assn.*, 21 N.Y.S.2d 643 [affd. 23 N.Y.S.2d 460];
*Hamilton* v. *Royal Ins. Co.*, 156 N.Y. 327 [50 N.E. 863, 42
L.R.A. 485]; *King* v. *Watertown F. Ins. Co.*, 47 Hun.
(N.Y.) 1; *Rouse* v. *Old Colony Ins. Co.*, 203 N.C. 345 [166
S.E. 177]; *Welch* v. *Phoenix Assur. Co.*, 192 N.C. 809 [136
S.E. 117]; *John Tatham & Co.* v. *Liverpool etc. Ins. Co.*, 181
N.C. 434 [107 S.E. 450]; *Travelers' Ins. Co.* v. *California
Ins. Co.*, 1 N.D. 151 [45 N.W. 703, 8 L.R.A. 769]; *Appel* v.
*Cooper Ins. Co.*, 76 Ohio 52 [80 N.E. 955, 10 Ann.Cas. 821,
10 L.R.A.N.S. 674]; *Lucas* v. *Life Ins. Co. of Virginia* (Ohio
App.), 42 N.E.2d 674; *United States F. Ins. Co.* v. *Swyden*
175 Okla. 475 [53 P.2d 284]; *Camden F. Ins. Assn.* v. *Walker*,
111 Okla. 35 [238 P. 462]; *Wever* v. *Pioneer F. Ins. Co.*, 49
Okla. 546 [153 P. 1146]; *Egan* v. *Oakland Home Ins. Co.*, 29
Ore. 403 [42 P. 990, 54 Am.St.Rep. 798]; *Miners Savings Bank*
v. *Merchants F. Ins. Co.*, 131 Pa.Super, 21 [198 A. 495]; *How-
ard Ins. Co.* v. *Hocking*, 130 Pa. 170 [18 A. 614]; *Schroeder*
v. *Keystone Ins. Co.* (Penn.), 2 Phila. 286; *Braunstein* v.
*North River Ins. Co.*, 62 S.D. 561 [255 N.W. 463]; *Kroeger*
v. *Farmers' Mut. Ins. Co.*, 52 S.D. 433 [218 N.W. 17]; *Schlitz*
v. *Lowell Mut. F. Ins. Co.*, 96 Vt. 334 [119 A. 516]; *Morrell
& Co.* v. *New England F. Ins. Co.*, 71 Vt. 281 [44 A. 358];
*Virginia F. & M. Ins. Co.* v. *Wells*, 83 Va. 736 [3 S.E. 349];
*Virginia F. & M. Ins. Co.* v. *Aiken*, 82 Va. 424; *Hefner* v.
*Great Amer. Ins. Co.*, 126 Wash. 390 [218 P. 206]; *State
Ins. Co.* v. *Meesman*, 2 Wash. 459 [27 P. 77, 26 Am.St.Rep.
870]; *Hart* v. *Citizens Ins. Co.*, 86 Wis. 77 [56 N.W. 332, 39
Am.St.Rep. 877, 21 L.R.A. 743]; *McFarland* v. *Railway etc.
Accident Assn.*, 5 Wyo. 126 [38 P. 347, 677, 63 Am.St.Rep.
29, 27 A.L.R. 48].)

The decisions in California follow this rule and hold that an

insured must begin his action within fifteen months from the date of loss. (*Tebbets* v. *Fidelity & Casualty Co.,* 155 Cal. 137 [99 P. 501]; *Garido* v. *American Cent. Ins. Co.,* 2 Cal. Unrep. 560 [8 P. 512]; *Harlow* v. *American Equitable Assur. Co.,* 87 Cal.App. 28 [261 P. 499]; *Fitzpatrick* v. *North American Acc. Ins. Co.,* 18 Cal.App. 264 [123 P. 209].) The appellant insists, however, that in *Case* v. *Sun Ins. Co.,* 83 Cal. 473 [23 P. 534, 8 L.R.A. 48], the court followed the minority rule. But in that case the insurer exacted compliance with policy provisions which required thirteen months to complete although the contract restricted the commencement of an action to "within twelve months next after the fire shall occur." Under those circumstances the limitation was held unenforceable. A similar situation was shown in *Bennett* v. *Modern Woodmen,* 52 Cal.App. 581 [199 P. 343], because, giving literal effect to the insurer's by-laws, the remedy of the beneficiary was suspended until the organization rejected her claim although the period of limitation was then running. Otherwise stated, the by-laws which the insurer there relied upon gave it the opportunity to delay action until the period of limitation had expired.

In the present case, less than ninety days after the fire the appellant and the insurance company agreed upon the amount of the loss which, by the terms of the statutory policy, was payable thirty days thereafter. The present action was commenced about eighteen months after the date of the fire and thirteen months after the loss was payable. Moreover, had the insurance company exacted full compliance with every provision of the policy, the amount of the loss would have become payable not more than five months after the fire, and the limitation of fifteen months for the commencement of an action gave the insured ten months in which to sue. In other words, by the terms of the policy contract, the time for bringing an action could not have been reduced to less than ten months and because in the present case the amount of the loss was promptly agreed upon, the insured had thirteen months within which to pursue his remedy.

Certainly this situation is entirely different from that shown in either *Case* v. *Sun Ins. Co., supra,* or *Bennett* v. *Modern Woodmen, supra,* and it affords no justification for applying the doctrine relied upon by a few courts for the purpose of relieving from policy provisions which unduly shortened the

period of limitation by policy covenants. (See 41 Yale L.J. 1069.) In a number of states the Legislature has adopted a statute either prohibiting any limitation by contract or providing for a specified time after accrual of the cause of action for the commencement of the action. But in jurisdictions having no statutory prohibition against policy limitations, the rule is that although parties to a contract may agree upon a limitation period less than that provided by statute generally, a reasonable time must be allowed for the commencement of an action. (*Tebbets* v. *Fidelity & Casualty Co., supra; Fitzpatrick* v. *North American Acc. Ins. Co., supra; Harlow* v. *American Equitable Assur. Co., supra; Beeson* v. *Schloss,* 183 Cal. 618 [192 P. 292]; *Fageol T. & C. Co.* v. *Pacific Indemnity Co.,* 18 Cal.2d 748 [117 P.2d 669].) According to the doctrine of these cases, the form of policy required by the Insurance Code of this state (§ 2071) unquestionably provides for a reasonable period within which to sue.

In the opinion of Mr. Justice Traynor, it is implicitly admitted that, under ordinary circumstances, an action must be commenced within fifteen months after the date of the fire, and that the limitation is not unreasonable. There is the further implication that the insurer is not estopped, nor did it waive the right to assert that the present action is barred. However, the opinion avoids the consequence of the principles formerly deemed controlling by formulating a rule of procedure heretofore unknown in this state, to the effect that when an action is brought in good time and diligently pursued, but defeated by some technicality unrelated to the merits, a new action may be commenced within a reasonable time, which shall be deemed a continuance of the former action. The asserted basis for such relief is that the legislative enactments of several states so provide, and the justification for its adoption by this court is said to be that in the present case the end to be achieved justifies the means. Judicial decision should not rest upon that doctrine.

Admittedly the appellant finds himself in unfortunate circumstances. But those circumstances were of his own choosing and his plight is no different from that of a multitude of litigants against whom this court has applied clear rules of law. And contrary to the intimation raised by dictum in the majority opinion, the appellant's position was not occasioned by any unreasonable conduct of the insurer. Although it is said that the situation of the plaintiff at the present time

is attributable to the improper ruling of the trial court in the original action granting the insurer's motion for a nonsuit, the record shows no allegation nor claim by him that the company obtained extensions of time for the designed purpose of causing the period of limitations to expire, that the continuances were improper or not for good cause, or that the insurer affirmatively misled him by lulling him into a sense of false security.

On the contrary, it appears that the appellant, an attorney at law, consented to the continuances granted the company. He is charged with notice of the provisions of his policy (*Madsen* v. *Maryland Casualty Co.*, 168 Cal. 204 [142 P. 51]; *Rice* v. *California-Western States Life Ins. Co.*, 21 Cal.App.2d 660 [70 P.2d 516]) and the state of the law governing his suit. Implicit in the present holding of Mr. Justice Traynor, however, is the assumption that in some unspecified manner the insurer took unfair advantage of the appellant and, consequently, justice demands that this court create a remedy. The so-called ''factual background of this action,'' warrants no such assumption; on the contrary, controlling principles compel the conclusion that according to settled rules of law the insurer took no undue advantage of Bollinger. He and the insurance company were adversaries in an action at law and as such entitled to deal at arm's length. The company was under no duty to warn Bollinger that his action would be forfeited if he did not commence a proper action within the time limited by the policy (*Fleishbein* v. *Western Auto S. Agency*, 19 Cal.App.2d 424 [65 P.2d 928]; *Wilhelmi* v. *Des Moines Ins. Co.*, 103 Iowa 532 [72 N.W. 685]; *Howard Ins. Co.* v. *Hocking*, 130 Pa.St. 170 [18 A. 614]; *Travelers' Ins. Co.* v. *California Ins. Co.*, *supra*) nor to warn him that it intended to rely on strict enforcement of the policy provisions. The rule that the insurer and the insured owe each other a high degree of good faith in contracting (Vance on Insurance (2d ed., 1930), pp. 74-75) does not in any sense affect their position as adversaries in a court of law for, in litigation, they face each other in an entirely different capacity having entirely different incidents.

Unquestionably Bollinger chose to follow a course by which, according to the former rule of decision in this state, he lost his right of action. I concur in the conclusions of Mr. Justice Schauer that the ruling in the first suit brought by Bollinger

is immaterial to the present litigation and that this court should not countenance a collateral attack upon the former judgment of nonsuit. But if it is to be considered, as stated by Mr. Justice Traynor the determination was incorrect, because "an unconditional denial of liability by the insurer after the insured has incurred loss and made claim under the policy gives rise to an immediate cause of action." Bollinger therefore had an effective remedy by appeal which he did not invoke. Instead of doing so he commenced the present action, alleging that by its conduct the insurer waived the right to rely upon the provisions of the policy, and the court now devises an extraordinary remedy to relieve a litigant who instead of taking an appeal from an erroneous judgment, sued in another court upon the same claim.

The rule now applied is said to be one of procedure, but it determines the substantive rights of the parties and, in addition, operates retroactively to interfere with vested rights acquired by virtue of the term of the policy contract and the Insurance Code. And if the remedy is a part of the common law, it certainly directly conflicts with constitutional and statutory provisions. To me, the question for decision is readily determinable by fundamental principles which have long been recognized and applied. Accordingly, and even more particularly for the reasons well stated by Mr. Justice Traynor upon the previous decision of this case, I am of the opinion that the judgment should be affirmed.

Curtis, J., concurred.

Respondent's petition for a rehearing was denied January 4, 1945. Edmonds, J., Schauer, J., and Spence, J., voted for a rehearing.