**COLLINS v. WOODWORTH, Collector of
Internal Revenue.
No. 8118.**

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1940.

George L. Cassidy, of Detroit, Mich.
(John C. Evans and George L. Cassidy,
both of Detroit, Mich., on the brief), for
appellant.

S. Dee Hanson, of Washington, D. C.
(James W. Morris, Sewall Key, and Donald
J. Marran, all of Washington, D. C., on the
brief), for appellee.

Before ALLEN, HAMILTON, and
ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment of the
District Court dismissing the petition of
appellant, Jeffrey N. Collins, for recovery
of income taxes for the calendar years 1918
and 1919.

The facts are simple. On February 15,
1923, the Commissioner of Internal Reve-
nue notified appellant that, upon audit and
review of his income tax returns for cal-
endar years 1918 to 1920 inclusive, he owed
additional taxes of $5,072.83. On March 3,
1923, appellant mailed to the Commissioner,
on form provided by the Collector, a claim
for credit for the additional taxes and at-
tached to it copy of letter dated January
6, 1923, which he had theretofore mailed
protesting the additional taxes and stating
facts therein which he contended showed
his income was overstated.

On May 14, 1923, the Commissioner noti-
fied appellant his claim had been rejected,
and on June 22, 1923, assessed, and certified
to the Collector, additional income taxes of
$1,295.53 for the calendar year 1918 and
$2,724.92 for 1919 and on June 22, 1923,
the Collector mailed to appellant notice
and demand for their payment.

On July 7, 1923, appellant mailed to the
Commissioner, with a copy to the Collector,
a letter protesting the assessment and stat-
ed therein:

"Now, I demand a hearing, because I am
not going to put up with your determining
that I own patents which I don't own,
with your claiming that I have suits pend-
ing when I have not, and with your finding
things as facts when no such facts exist.

"I have sent a copy of this letter to Mr.
Woodworth at Detroit, that I want him to
delay the collection until I have heard from

you, and had an opportunity to get a fair deal from your department."

On November 22, 1923, the Commissioner notified appellant that his protest was being transmitted to the Committee on Appeals and Review and on June 26, 1925, appellant requested a hearing which was held January 18, 1926.

On March 23, 1926, the Commissioner notified appellant that his protest had been allowed in part and that certificates of overassessments were issuing for the years 1918 and 1919 for $511.16 and $162.19 respectively.

On May 3, 1926, appellant filed a petition with the Board of Tax Appeals, seeking a review of the Commissioner's findings which he answered July 26, 1926, and on September 14, 1928, appellant filed motion to dismiss his appeal on the ground that he and the Commissioner had adjusted and settled their controversy which was sustained September 27, 1928.

On September 27, 1929, appellant filed motions before the Board to set aside its order of dismissal and for leave to file amended petition which were denied on September 28, 1929.

The Collector issued warrants of distraint against appellant for the additional taxes and interest which he paid on November 10, 1926. He filed claims for refund on the ground that the collections were made after the period of limitation had expired, which were denied. Thereupon this action was instituted and the lower court dismissed his petition; hence this appeal.

Appellee concedes the taxes were collected after the bar of the Statute of Limitation (Bowers, Coll., v. New York & Albany Lighterage Company, 273 U.S. 346, 352, 47 S.Ct. 389, 71 L.Ed. 676) unless appellant has waived it.

The Revenue Act of 1928 (c. 852, 45 Stat. 791, § 611) provides that if any internal revenue tax were assessed prior to June 2, 1924, and within the period of limitation properly applicable thereto and the taxpayer filed a claim in abatement, the period of limitation would be extended until one year after the date of the Act.

The Revenue Act of 1926 (c. 27, 44 Stat. 9, § 274(a)) provides that if a taxpayer files a petition with the Board of Tax Appeals for a redetermination of the deficiency found by the Commissioner, the period of limitation shall be extended by the number of days between the date of the mailing of the deficiency notice and the date of the final decision of the Board.

The regulations (R. 62, Art. 1032) provide that an application for abatement must be submitted to the Collector on form 843 after assessment of the tax. Under the provisions of the Revenue Act of 1921 [c. 136, 42 Stat. 264, § 250(d)], after a taxpayer has been given 30 days' notice of a deficiency by registered mail and an opportunity for a hearing before the Bureau of Internal Revenue, the Commissioner lacks statutory authority to entertain a claim in abatement.

As a prerequisite to the jurisdiction of the Board of Tax Appeals to entertain a petition for review, the Commissioner must have sent a 60-day deficiency notice to the taxpayer by registered mail. Revenue Act of 1926 [c. 27, 44 Stat. 9, § 274(a)].

Appellant contends that, because of the above statutory and regulatory provisions, all of the steps taken by him to postpone the collection of taxes were abortive and furnished no basis for an extension of the period for the collection of tax for the following reasons: first, that his claim of March 3, 1923, for credit was filed with the Commissioner and before the tax was assessed and was an appeal instead of a claim in abatement as provided in the Statute; second, that his letter of July 7, 1923, was a protest, not a claim in abatement and was filed with the Commissioner contrary to the provisions of the regulations for filing claims; third, that his appeal to the Board of Tax Appeals was based on a 30-day letter authorizing him to seek a review in the Internal Revenue Bureau and for that reason, the Board of Tax Appeals was without jurisdiction to adjudicate his tax liability.

The argument of appellant is that the statute and regulations have prescribed an exact and mandatory procedure for the collection of taxes and that the Commissioner is without authority to deviate from it in any particular, even though delay in collection is due to negotiations instigated by the taxpayer which resulted in a reduction in the amount of the tax originally demanded.

It is well established that the running of the Statute of Limitation may be suspended by causes not mentioned in the statute itself (Braun v. Sauerwein, 77 U.S. 218, 223, 19 L.Ed. 895), and is for the benefit of individuals and not to secure general objects of policy. Hence, it may be waived

without consideration, by express contract or by necessary implication. Allen v. Smith, 129 U.S. 465, 470, 9 S.Ct. 338, 32 L.Ed. 732.

The United States had seasonably protected its rights by assessing the additional taxes against appellant well within the period allowed by the statute. Therefore, it had a live claim on which the Collector could issue distraint and no statute afforded appellant a defense. The proposal that statutory proceedings for collection of the tax should be discontinued and new procedure started before the Internal Revenue Bureau was advanced by appellant, the grounds urged by him being wholly for his profit and of no benefit to appellee.

The Government would not have been put to the expense of additional investigations if it had pursued its assessed claim to a conclusion. There was no intimation of an advantage to appellee from the acceptance of the proposition made by appellant nor has any been presented in the discussion at bar.

Appellant's conduct carried the implication that if his offer to reopen the case were accepted by the Commissioner, no loss would fall on the Government as a result of extending an accommodation requested by him and for his sole convenience.

The United States was induced to delay the collection of its seasonable claim impregnable against the defense of the Statute of Limitation in reliance upon the conduct of appellant. This concession by the United States at the solicitation of appellant required him as a matter of fair dealing to forego a defense based upon the facts that came into existence solely at his behest.

■ At the time of the conduct of appellant of which he now attempts to take advantage, the United States was not seeking to revive against him a claim theretofore barred by the Statute of Limitation. The statute and regulations must be construed in the light of their purpose and, if the Commissioner is not deceived or misled by the form of a taxpayer's protest against additional assessment, he may waive the place of filing and the form of a claim in abatement. Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L. Ed. 253; Stange v. United States, 282 U.S. 270, 276, 51 S.Ct. 145, 75 L.Ed. 335.

Appellant sent a copy of his letter of July 7, 1923, to the Collector requesting him to delay the collection of the tax until he heard from the Commissioner and had an opportunity to present his claim to the Internal Revenue Department. This, in substance, accomplished the purpose of a claim in abatement. The Collector withheld the collection of the tax until appellant was accorded a hearing and an adjustment was made in his taxes by certificates of overassessments, all of which was to his advantage and not that of the United States.

■ While the letter of appellant asking that collection of the tax be withheld and his appeal to the Board of Tax Appeals were not strictly conformable to the statutes and regulations, we are of the opinion they were sufficient to extend the period of limitation well within the time when appellant paid the taxes demanded. Compare Graham & Foster v. Goodcell, 282 U.S. 409, 422, 51 S.Ct. 186, 75 L.Ed. 415; Pittsburgh Terminal Coal Corp. v. Heiner, Coll., D. C., 56 F.2d 1072; Commissioner v. New York Trust Co. et al., 2 Cir., 54 F.2d 463; Burnet, Com'r, v. San Joaquin Fruit & Investment Company, 9 Cir., 52 F.2d 123.

Judgment affirmed.