[Civ. No. 11340. First Appellate District, Division Two.—April 2, 1940.]

THE DAVIS WELDING & MANUFACTURING COMPANY (a Corporation), Appellant, v. ADVANCE AUTO BODY WORKS, INC. (a Corporation), Defendant and Respondent; AMERICAN PIPE AND STEEL CORPORATION, LTD. (a Corporation), Intervener and Respondent.

Bicksler, Parke & Catlin, Catlin & Catlin, Frank D. Catlin and William E. Woodroof for Appellant.

Courtney Lacey for Defendant and Respondent.

Russell Graham for Intervener and Respondent.

NOURSE, P. J.—Plaintiff sued upon an open book account and for an accounting. Defendant answered, pleading a written contract of June 30, 1930, and also a contemporaneous oral agreement by which plaintiff agreed that, if defendant would pay for and take delivery from plaintiff of certain equipment which the defendant would be required to purchase to enable it to perform the contract, then, upon the termination of the written contract, plaintiff would repurchase such and other like equipment left on defendant's hands. Defendant also filed a counterclaim and a cross-complaint for the value of equipment left on hand when the parties abandoned the written contract. Plaintiff's answer to the cross-complaint admitted the written contract but denied the material allegations relating to the alleged oral contract. The intervener above named filed its complaint in intervention setting up a written contract between defendant and intervener, dated July 2, 1930, which expressly incorporated the contract of plaintiff and defendant, and pleading that, at the time of the execution of the contract of July 2d, it was represented to intervener ''by plaintiff and defend-

ant'' that they had executed the oral contract referred to in defendant's pleading. Intervener further alleged that, in reliance upon these representations and promises, he was induced to enter into said written contract with defendant and to advance defendant $2,653.51 to be used by defendant in purchasing equipment under the terms of the written contract of June 30, 1930, and that the contract of July 2d would not have been made by intervener without plaintiff's assurances as to the oral contract.

At the trial by the court without a jury the parties stipulated that the claim upon the open book account was correct and the sum sued for was owed by defendant to plaintiff. Thereupon plaintiff waived and abandoned the second cause of action—for an accounting under the contract of June 30, 1930—and the cause went to trial on the cross-complaint of defendant, the complaint in intervention, and the answers of plaintiff. The intervener had judgment for $1788.28, the value of the equipment on hand when the written contract was abandoned less what had been returned to plaintiff and paid for by it pursuant to the terms of the oral contract. The plaintiff appealed, and the intervener assumes the position of a respondent.

■ The gist of the action is plaintiff's oral agreement to repurchase the parts and equipment upon the termination of the written contract. The existence of such an oral agreement cannot be doubted in view of the convincing testimony of all the parties to the agreement, who were called as witnesses. At the close of the trial the court directed the intervener to request leave to amend the pleadings to conform to the proof—thus to make intervener's case rest upon a modified written contract calling upon plaintiff to repurchase their parts rather than upon an oral agreement, which was contemporaneous with the written contract, and which called upon the plaintiff to do the same thing. The modification was based upon the theory of mutual mistake of the parties when the contracts were executed and upon the evidence of the intention of the parties that the terms of the oral agreement should become incorporated into the written contracts. The appellant cries ''error'', but we are unable to perceive it. The execution of the oral contract having been practically conceded through the weaknesses of the testimony purporting

to deny it, the real question before the trial court was the amount which the appellant should pay under its obligation. If this oral contract was still enforceable the question of the form which the pleadings should have assumed is immaterial since the appellant has not suggested any possible prejudice to it. We cannot find that any of the claimed errors arising out of the amendments to intervener's pleadings has caused any prejudice to appellant. Hence, if we may assume that the trial court was in error in permitting intervener to amend the pleadings to seek a reformation of the written contract because of mutual mistake instead of requiring him to rest on the oral agreement, the appellant was not prejudiced. If no amendment had been allowed, the respondent would have been entitled to recover on the oral agreement by way of subrogation to the rights of defendant, or upon the theory that the oral contract was expressly made for the benefit of a third person—the intervener. (Sec. 1559, Civ. Code.)

To recapitulate—before the written contract between plaintiff and defendant was signed, defendant insisted upon plaintiff agreeing to repurchase the equipment upon cancellation of the written contract. Plaintiff demurred because of the delay in sending the contract to the home office. The oral agreement was then made. Before the written contract between defendant and intervener was signed the plaintiff reaffirmed this oral agreement to both defendant and intervener. The equipment was delivered to defendant by plaintiff on this express understanding—that plaintiff would repurchase it upon cancellation of the original contract. Thereupon plaintiff obtained over a period of two years all the benefits of the contract with defendant—benefits which would not have accrued except for intervener's contributions, all of which were made contingent upon the oral contract. When the amendments to the pleadings were allowed the plaintiff was given ample opportunity to meet the new pleadings and does not now contend that any advantage was taken in this respect.

The trial court found that the terms of the oral agreement above noted were intended by all three parties to be incorporated into and become a material part of the written agreements, that the omission of such terms from the writing was a mutual mistake, that these terms were a substantial part of the consideration which induced defendant and intervener to

execute the written contracts, and that neither would have executed either of the written contracts except upon such understanding. There is ample evidence to support these findings. Appellant's attack upon them is based upon the narrow ground that there is insufficient direct evidence of "mutual mistake", but this is the logical and reasonable inference to be drawn from all the circumstances.

On the issue of the statute of limitations the trial court found that continuously from plaintiff's cancellation of the contract in September, 1932, to the filing of its complaint in December, 1934, negotiations were conducted for the return of the equipment to plaintiff, that some equipment of several hundred dollars value was returned and accepted by plaintiff, and that defendant relied upon said promises and had no reason to believe that plaintiff would not accept and pay for the equipment left in defendant's and intervener's possession until this suit was filed. The complaint was filed December 14, 1934. In the second cause of action plaintiff pleaded the written contract of June 30, 1930, and sought an accounting under it. The answer and counterclaim and the cross-complaint, pleading the contemporaneous oral agreement, was filed April 3, 1935. The complaint in intervention was filed July 23, 1935. Though neither party has directed our attention to any direct evidence disclosing the date of discovery of the mistake, it is a reasonable inference from the facts above stated that such discovery was not made until the original complaint was filed herein, or more probably when plaintiff in its answer denied the allegations of the cross-complaint pleading the oral agreement. In either case the amended pleadings were well within the period of the statute of limitations as this does not begin to run until the fraud or mistake has been discovered. (Code Civ. Proc., sec. 338; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 486 [45 Pac. 809] ; *Victor Oil Co.* v. *Drum,* 184 Cal. 226, 240 [193 Pac. 243] ; 16 Cal. Jur., p. 499 ; 17 R. C. L., p. 856.) And these rules relating to the computation of the period from the discovery of the fraud apply as well to the discovery of mistake. (16 Cal. Jur., p. 505.)

The material findings upon which the judgment rests are that, from the beginning of the transactions, all parties assumed, intended, and understood that the terms of the oral

agreement should be incorporated in and become a part of the writing, that plaintiff accepted these terms and enjoyed the benefits. The judgment merely charges it with the burdens. Hence, whatever inconsistencies there may be in the findings upon immaterial matters are of no consequence so long as the findings made clearly cover the ultimate facts showing that the obligation of plaintiff was valid and enforceable.

Appellant complains of the rulings of the trial court in admitting evidence of the "contemporaneous oral agreement", which evidence thereafter was relied upon to prove the mutual mistake of the parties. The ruling of the trial court was sound. The evidence was admissible to prove the oral contract since it covered a matter upon which the writing was silent and since it was not inconsistent with the terms of the writing. (*Buckner* v. *A. Leon & Co.,* 204 Cal. 225, 227 [267 Pac. 693] ; 10 Cal. Jur., p. 927.) As applied to the issue of mutual mistake and the plea for reformation it was likewise admissible. (10 Cal. Jur., p. 936.)

Other arguments of appellant do not call for comment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1940. Carter, J., voted for a hearing.