ISABEL SANTIAGO, WIDOW OF VÁZQUEZ, individually and on behalf of his minor child LUIS ANTONIO VÁZQUEZ SANTIAGO, Plaintiffs and Appellants, *v.* THE PEOPLE OF PUERTO RICO, ETC., Defendant and Appellee.

No. 10400. Argued December 1, 1952.—Decided December 19, 1952.

[redacted]

*Enrique González* for appellants. *Víctor Gutiérrez Franqui, Attorney General,* and *Edgar S. Belaval, Assistant Attorney General,* for appellees.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On January 4, 1950 Isabel Santiago widow of Vázquez, per se and in representation of her minor son Luis Antonio Vázquez Santiago, brought an action for damages against the People of Puerto Rico. In an amended complaint filed on April of that same year, she alleged, insofar as pertinent herein, that on January 2, 1949 Andrés Vázquez Méndez—husband and father, respectively, of plaintiffs—was driving vehicle P-24001 owned by the Arrow Taxicabs, of San Juan, as the latter's employee, on the road which leads from Río Piedras to Cupey Alto ward of said jurisdiction; that upon arriving at hectometer 6 of said road, where there is a curve and a narrow bridge without any railing or protection whatsoever, the vehicle, which was going slowly, fell over the bridge into the river, where the driver drowned; that the proximate cause of the accident was the negligence of the People of Puerto Rico in keeping said bridge long before January 2, 1949, in want of repair and in complete abandonment and carelessness, without railings nor protection for the vehicles travelling thereon, in spite of the fact that the Bureau of Public Works and the Department of the Interior of Puerto Rico, which at the aforesaid date were in charge of the supervision of the insular highways, were

aware of these conditions, and that on February 15, 1949 the Manager of the State Fund, considering that Vázquez Menéndez' death was the result of a labor accident, compensable pursuant to the law, entered a final decision granting the minor plaintiff Luis Antonio Vázquez Santiago, as sole beneficiary of said workman, a compensation amounting to the sum of $2,906.

The lower court dismissed the amended complaint, on motion of the People of Puerto Rico, on the ground that the action was barred. Not being susceptible to amendment, it rendered judgment dismissing the complaint, with costs on plaintiffs. On appeal, the latter maintain that the lower court committed error in holding that the action was barred on the ground that the provisions of § 31 of Act No. 45 of 1935 (Sess. Laws, p. 250) were inapposite—Workmen's Accident Compensation Act—as amended by Act No. 16 of April 12, 1948 (Sess. Laws, p. 28). [1] Let us see.

---

[1] Said Section insofar as pertinent provides:

"In cases where the injury, the occupational disease, or the death entitling the workman or employee or their beneficiaries to compensation in accordance with this Act has been caused under circumstances making third persons responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, within one year following the date of the final decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the manner following:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Insurance Fund, in accordance with the terms of this Act, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee or of his beneficiaries, within the ninety days, following the date of the final decision of the case, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and

 The accident and death of the workman occurred on January 2, 1949. The original complaint was filed on January 4, 1950. The action which was predicated on the responsibility to which § 404 of the Political Code refers [2] was directed against the People of Puerto Rico as a third person responsible for the workman's death pursuant to the provisions of § 31 of the afore-cited Act No. 45. The action, therefore, would be barred, as held by the lower court and alleged by the appellee, if we hold that the statutory period to file suit against the People of Puerto Rico is within one year after plaintiffs' cause of action arises, as provided by § 9 of Act No. 76 of April 13, 1916, (Sess. Laws, p. 151) amended by Act No. 11 of April 18, 1928 (Sess. Laws, p. 130). On the other hand, it would not be barred if § 31 of Act No. 45 had the effect of extending the period of one year fixed by § 9 of Act No. 76. Let us see.

Plaintiffs' cause of action arose on January 2, 1949. [3] Section 31 of Act No. 45 does not create any cause of action

it shall be the duty of the Manager to serve written notice on them of such proceedings within five days after the action is instituted.

"If the Manager should fail to institute action against the third person responsible within the term of ninety days from the date of the final decision of the case, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.

"The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, until after the expiration of ninety days from the decision of the case by the Manager of the State Insurance Fund. . . ."

[2] Said Section provided as follows, prior to its amendment by Act No. 273 of May 10, 1950 (Sess. Laws, p. 708):

"*Civil Responsibility.* That The People of Porto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon an Insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements and that there had not been ample time in which to remedy them."

[3] We have as ground that Act 76 of April 13, 1916 as amended by Act No. 11 of April 18, 1928, since it was a statute of consent, did not repeal —contrary to the holding of the People—the responsibility which it accepted pursuant to § 404 of the Political Code.

whatsoever. Pursuant to its provisions, the workman or his beneficiaries, as the case may be, may claim damages from a third person responsible for an accident suffered by the workman in his work and which entitles him, or his beneficiaries in case of death, to compensation from the State Insurance Fund under Act No. 45 "within one year following the date of the final decision of the case by the Manager of the State Insurance Fund." Up to here we can say, generally speaking, that the term of one year to institute the cause of action for damages which arise from guilt or negligence, has been extended, when said damages are claimed from a third person responsible for a labor accident, for the term which the Manager employs in the final decision of the case. Pursuant to the afore-cited § 31, the Manager may subrogate himself in the rights of the workman or of his beneficiaries and institute said action, excluding the latter, within the 90 days following his final decision of the case, and any amount obtained as a result of the suit, in excess of the expenses incurred by the State Insurance Fund due to the accident, shall be delivered to the workman or his beneficiaries. But if the Manager allows the expiration of the 90 days fixed to institute his right of subrogation, then the action may only be instituted by the workman or his beneficiaries, and they are not bound to return to the Fund any amount whatsoever.

If the third person responsible for the accident in this case were not the People of Puerto Rico, it is obvious that the action would not be barred as to the minor plaintiff— who was the only person declared beneficiary by the Manager in his final decision—[4] inasmuch as this was entered on February 15, 1949 and the suit was filed on January 4, 1950. However, this being an action against the People of Puerto Rico, who has only given its consent to be sued for damages under the conditions of Act No. 76, as amended by

---

[4] It would always be barred as to the other plaintiff, the workman's widow, fact which appellants admit.

Act No. 11, both already cited, the conclusion is different. It is true, as stated in the dissenting opinion in this case, that the Workmen's Accident Compensation Act is a statute which must be liberally construed in favor of the workman or his beneficiaries. But said rule is not effective in this case, inasmuch as there is no margin here for, nor are we dealing with, the construction of § 31 of said Act, but rather with its effect on § 9 of Act No. 76. And it is a uniform rule—inexorable by the public policy which it informs—that the statutes by which the sovereign waives his immunity from suit must be construed strictly in favor of the sovereign, and that he may impose those conditions under which he consents to be sued. *McMahon* v. *United States*, 342 U. S. 25, 96 L. ed. 1 (adv. op.) ; *United States* v. *Sherwood*, 312 U. S. 584, 85 L. ed. 1058; *United States* v. *Shaw*, 309 U. S. 495, 84 L. ed. 888; *Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505, 83 L. ed. 946; *Puerto Rico* v. *Shell Co.*, 302 U. S. 253, 82 L. ed. 235; *Porto Rico* v. *Rosaly*, 227 U. S. 270; *Gómez* v. *Tax Court*, 73 P.R.R. 431; *Mayagüez Light, P. & Ice Co.* v. *Tax Court*, 68 P.R.R. 482; *Campis* v. *People*, 67 P.R.R. 366; *Valiente & Co.* v. *Cuevas, Com'r.*, 65 P.R.R. 169; *Rivera* v. *People*, 65 P.R.R. 926; *Méndez* v. *Buscaglia, Treas.*, 64 P.R.R. 707. In the dissenting opinion said rule is not given juridical effect, inasmuch as it is based on the false premise that the statute of consent—in the condition imposed that the suit be filed within a year following the cause of action—may be modified or implicitly suspended. Said opinion mistakes in this and in other particulars, the general statute of prescription of actions, which does not apply herein, for the statute of consent to be sued. The term of one year to bring actions for damages against the People of Puerto Rico, established by § 9 of Act No. 76, was not enlarged by § 31 of Act No. 45, as amended, to provide for the filing of suits once the year from the time the cause of action arises has expired, which was the condition imposed by the sovereign to give its consent. Neither is said § 9

of Act No. 76 affected by the provisions of §§ 40, 44 and 46 of the Code of Civil Procedure,[5] which are directed to regulate the commencement of actions under the general statute of prescriptions and not under the statute by which the sovereign gives its consent to be sued. Hence it would be necessary that the Legislative Assembly *expressly* provided it thus, either in the very statute of consent or in any other statute by which the former is specifically modified. This is not the case herein.

 A careful scrutiny of the authorities cited in the dissenting opinion to support that in the instant case "the stay or delay should not be and is not an integral part of the period fixed by the sovereign itself for instituting actions against it," because the right to commence a suit has been stayed or delayed by express provision of the statute—§ 31 of Act 45—will show that they are totally inapposite to the case at bar. Let us see: (1) In several of the cases cited the suits are among private citizens, not being concerned with

---

[5] Said Sections provide:

"Section 40.—If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either:

"1. Within the age of majority;

"2. . . . . . . .

"3. . . . . . . .

"4. . . . . . . .

"The time of such disability is not a part of the time limited for the commencement of the action."

"Section 44.—When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

"Section 46.—When two or more disabilities coexist at the time the right of action accrues, the limitation does not attach until they are removed."

It is obvious that if the theory set forth in the dissenting opinion were the law, in the case at bar, inasmuch as plaintiff is a minor of tender age, the term to institute his cause of action would not start to count until after he reaches his majority. Is that the strict construction which we are bound to give to the condition provided by Act 76 of instituting a suit within a year after the cause of action arises?

the statute of consent but merely with the general statute of prescription of actions; (2) Other cases are concerned with suits filed by the sovereign and *not against* the sovereign, for which reason the statute of consent has nothing to do with them; (3) In others, they are suits against political bodies which are not sovereign—municipalities; (4) In those cases of suits against the sovereign, the stay or delay of the term fixed to commence a suit is expressly authorized by the statute of consent or by any other statute in specific connection with the former.

On the other hand, the purpose of the Legislature in extending the term to sue third persons responsible for labor accidents, was, undoubtedly, that the compensability of the accident be previously determined by the Manager—for which it was necessary to wait until he entered his final decision—and to give the latter an opportunity so that, subrogating himself in the rights of the workman or his beneficiaries he would institute a suit within the 90 days following his decision against the third person responsible for the accident in order to obtain compensation for the expenses arising therefrom. However, in default of an express authorization in § 31 of Act No. 45, the Manager is barred from subrogating himself in the rights of the workman or his beneficiaries when the People of Puerto Rico is the third person responsible, inasmuch as pursuant to § 12 of Act No. 76, the claims against the latter are in nowise assignable. *P. R. Am. & Ins. Co.* v. *People*, 68 P.R.R. 629. In such cases, the workman or his beneficiaries are not bound to wait for the decision of the Manager of the State Fund, nor, of course, for the 90 days following said decision, in order to institute a suit against the People of Puerto Rico.

We must reach the conclusion therefore that § 31 of Act No. 45, as amended by Act No. 16 of April 12, 1948 does not apply when the third party responsible for the accident is the People of Puerto Rico, and that the lower court com-

mitted no error in so holding and in rendering judgment dismissing the complaint because the plaintiffs' cause of action was barred.

The judgment will be affirmed.

Mr. Justice Pérez Pimentel did not participate herein.

---

Mr. Justice Marrero, dissenting.

I believe that the majority opinion is based on two conclusions which are evidently erroneous. The first one is that § 31 of Act No. 45 of 1935, as amended by Act No. 16 of April 12, 1948 (Sess. Laws, p. 28) is not applicable when the third person responsible for the accident is the People of Puerto Rico; and the second, that the action instituted by the plaintiff minor is barred.

There is nothing in § 31, as amended, to warrant the conclusion that it does not apply when the third person responsible for the accident is the People of Puerto Rico. The fact that the claims against the latter may not be transferred in any manner whatsoever and that the Manager of the State Fund may not, hence, subrogate himself in the rights of the workman or his beneficiaries should not preclude an action for damages against the People in those cases where the accident is due to its own fault or negligence.[1] Whether or not plaintiffs' claim should prevail is a question that I need not decide now.

I agree of course with the principle that the statutes under which the sovereign gives its consent to be sued should be strictly construed. Such rule is not novel in our jurisdiction. *Campis* v. *People*, 67 P.R.R. 366, 370. However, this does not mean that § 9 of Act No. 76 of 1916 (Sess. Laws, p. 151), providing that "All actions against The Peo-

---

[1] I believe that if the statement contained in the majority opinion in the sense that § 31 *supra*, does not apply when the third person responsible for the injury is the People of Puerto Rico, were correct, the argument on the prescription question is entirely surplusage.

ple of Puerto Rico shall be prescribed, if suit is not begun within one year after the cause of action arises, . . ." should be construed separately, without taking into consideration the principles of law established by other statutes which are closely connected with the case under consideration here. Let us see: § 31, *supra*, provides clearly and conclusively that when the accident suffered by the workman has been caused under circumstances making third persons responsible for such injury, the workman or his beneficiaries may claim and recover damages from said third person by bringing suit against him "within one year following the date of the final decision of the case by the Manager of the State Insurance Fund." Said Section expressly provides further that: "The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, until after the expiration of ninety days from the decision of the case by the Manager of the State Insurance Fund." Therefore, by express provision of the Act when the accident suffered by a workman is caused by the fault or negligence of a third person, the workman or his beneficiaries may not recover from the latter until after the expiration of 90 days from the final decision of the Manager. The statute plainly demands compliance with this requirement. It is a prerequisite *sine qua non*. Any court where a suit is brought without having first complied with this requirement, must *necessarily* declare itself without jurisdiction. The fact that the plaintiff is a minor does not alter the situation. *Fox* v. *Alcoa S. S. Co.*, 143 F. 2d 667; *Artukovich* v. *Astendorf*, 131 P. 2d 831; *cf. Thompson* v. *County of Los Angeles*, 140 Cal. App. 73; *Hurley* v. *Town of Bingham*, 228 Pac. 213; McQuillin *Municipal Corporations*, Vol. 6, 2d ed., p. 627, § 2632. Nor should it be altered by the fact that the third person responsible for the injury is the People.

Now then, does the fact that the workman or his benefi-ciaries must resort to the State Fund, must wait until the Manager has entered his final decision and after it is en-tered, must allow the period of 90 days to expire before in-stituting a suit, interrupt the term fixed by law for bring-ing such actions for damages against the People of Puerto Rico? This is the gist of the question now under our con-sideration and it is my personal view that the question should be answered affirmatively.

Workmen's compensation laws should be construed liber-ally in favor of the workman in carrying out the purpose for its creation. *Correa* v. *Industrial Commission*, 56 P.R.R. 784, 786; *Montaner* v. *Industrial Commission*, 54 P.R.R. 686, 701. If by express statutory provision in cases of this kind the workman or his beneficiaries must comply with the re-quirements mentioned and the time taken for said compliance is not deducted from the period allowed by the Act for in-stituting the suit against the People of Puerto Rico, the right provided by § 31, *supra*, would often be illusory. Further-more, in many cases it would be a mockery to the workman or to those who during his lifetime depended on him, if the Manager, for reasons which may be unaccountable or be-yond his control, should delay his final decision over one year counted from the date of the accident. Indeed that was not the intention of the Legislature in enacting the statute in question.

In my opinion when the right to commence a suit against the State is suspended or delayed by express provision of a statute enacted by the latter—as is the case herein—the stay or delay should not be and is not an integral part of the period fixed by the sovereign itself for instituting actions against it. This has been specifically decided by the United States Supreme Court as well as by other courts. See *United States* v. *Wiley*, 11 Wall. 508, 20 L. ed. 211, 213; *Amy* v. *Watertown, No. 2*, 130 U. S. 320, 323, 32 L. ed. 946; *Elliott*

& *Horne Co.* v. *Chambers Land Co.*, 215 Pac. 99, 100; *Collier* v. *Goesling*, 160 Fed. 604, 611; *Devereaux* v. *City of Brownsville*, 29 Fed. 742, 751; *Western & Atlantic R. Co.* v. *State of Georgia*, 14 L.R.A. 438, 457; 34 Am. Jur. 152, § 188. *Cf. Braun* v. *Sauerwein*, 77 U. S. 218, 223, 19 L. ed. 895, 897; *Hanger* v. *Abbott*, 6 Wall. 532, 18 L. ed. 939, 943; *Guaranty Trust Co. of N. Y.* v. *United States*, 304 U. S. 126, 82 L. ed. 1224, 1230; *Collins* v. *Woodworth*, 109 F. 2d 628, 629. In accordance with the foregoing it is erroneous to conclude that the action brought by the plaintiff minor has prescribed. His right to sue—although stayed during the time that the Manager of the State Fund considered and rendered his final decision and during the following 90 days—arose on February 15, 1949, which was the date of the final decision. See § 31, *supra.* Since the complaint was filed on January 4, 1950 the action had not prescribed. See also *Broadfoot* v. *City of Fayetteville*, 32 S. E. 804, 809; *Bollinger* v. *National Fire Ins. Co. of Hartford, Conn.*, 154 P. 2d 399, 406; *Dillon* v. *Board of Pension Com'rs*, 116 P. 2d 37, 39.

On the other hand, the provisions of §§ 40 and 44 of the Code of Civil Procedure should have been taken into account. Section 40 insofar as pertinent provides: "If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either: 1. Within the age of majority; ... the time of such disability is not a part of the time limited for the commencement of the action." And § 44 prescribes that: "When the commencement of an action is stayed by ... statutory prohibition, the time of the continuance of the ... prohibition is not part of the time limited for the commencement of the action." In view of these provisions the time before the minor attained majority of age should not have been counted and the period for filing his suit against the People of Puerto Rico should have started to run from the instance that he attained his majority of 21 years of age. *Hennessy* v. *San Bernar-*

*dino County,* 117 P. 2d 745, 747; 16 Cal. Jur., p. 563, § 160; *cf. Dulin* v. *Industrial Accident Commission,* 149 P. 2d 868, 870.

In *McMahon* v. *United States,* 342 U. S. 25, 96 L. ed 1, which seems to be the underlying case on which the majority based its opinion is entirely distinguishable from the case at bar. There, a seaman brought suit against the United States of America based on a certain Act which gives seamen employed by the United States on government-owned vessels the same rights as those employed on privately owned and operated American vessels. According to this Act if the seaman's claim were administratively disallowed in whole or in part, it could be enforced pursuant to the provisions of the suits in Admiralty Act. This Act in turn provides that any suit thereunder "shall be brought within two years after the cause of action arises." A federal district court dismissed his complaint on the ground that it was not filed within two years from the date of plaintiff's injuries. The Court of Appeals for the Third Circuit affirmed on the same ground. Based on the opinion rendered by the Court of Appeals for the Ninth Circuit in *Thurston* v. *United States,* 179 F. 2d 514, plaintiff maintained that the period of limitation did not start to run until his claim had been administratively disallowed. The United States Supreme Court stated that it was unable to agree with petitioner and the Court for the Ninth Circuit, for it believed that the proper construction of the language used in the suits in Admiralty Act was that the period of limitation should be computed from the date of the injury. It stated that "It was enacted several years before suits such as the present, on disallowed claims, were authorized. Certainly during those years the limitation depended upon the event giving rise to the claims, not upon the rejection. When later the right to sue was broadened to include such claims as this, there was no indication of any change in the limitation contained in the older Act. ... Since no time is fixed within which the seaman is obliged to

present his claim, under petitioner's position he would have it in his power, by delaying its filing, to postpone indefinitely commencement of the running of the statute of limitations. . . We cannot construe the Act as giving claimants an option as to when they will choose to start the period of limitation of an action against the United States. Accordingly, we hold that the statute of limitations runs from the date of the injury. . ." However, said Court added that "It is to be observed that the regulations applicable to the filing of such a claim provide that, if it is not rejected in writing within sixty days from filing, it shall be presumed to have been administratively disallowed and the claimant shall be entitled to enforce his claim. The record filed with us does not disclose when petitioner's claim was filed or, with precision, when it was disallowed. *In view of that state of the record making it uncertain whether the point would have any effect on the outcome and the fact that petitioner has not raised the point, we find it inappropriate to consider whether the statute of limitations is tolled for a maximum of sixty days while a claim is pending and not disallowed either by notice or by operation of the regulations.*" (Italics ours.) As it has been noted the Act involved in that case did not fix any term within which the injured man should file suit. In view thereof the Supreme Court believed it was inappropriate to consider whether the statute of limitations was suspended or not during the 60-day period referred to.

In the present case however, by express provision of the Act approved by the sovereign itself, the workman and his beneficiaries had their hands completely tied and could not bring their action against the People until it complied strictly with said Act and until the limitation period fixed therein had run.

In view of the foregoing my personal view is that the judgment of the lower court should have been reversed.