[Civ. No. 43392. Second Dist., Div. Three. May 28, 1975.]

JAMES S. MIZE, as Public Administrator, etc.,
Plaintiff and Respondent, v.
RESERVE LIFE INSURANCE COMPANY,
Defendant and Appellant.

---

**COUNSEL**

Hindin, McKay, Levine & Glick, Hindin, McKay & Levine and A. Tod Hindin for Defendant and Appellant.

Alton I. Leib and Ronald M. Katzman for Plaintiff and Respondent.

**OPINION**

**FORD, P. J.**—This is an action brought by the administrator of an estate against a life insurance company to recover the amounts specified in two life insurance policies on the ground that payment was due to the insured's estate rather than to the named beneficiary who had murdered the insured. The death occurred on November 12, 1963. The judgment of conviction of murder was affirmed on appeal and became final on January 11, 1969. The present action was commenced on October 29, 1969. The primary question presented for resolution is whether the administrator's action was barred by the statute of limitations. The defendant life insurance company's position on this appeal is that the action is equitable in nature and that the four-year limitation embodied in section 343 of the Code of Civil Procedure is applicable.

The record discloses that on November 21, 1963, the administrator wrote a letter to the defendant insurance company in which it was stated that the coroner had found that the death was due to homicide by a person or persons unknown. In that letter the administrator requested that no funds be released until the police had made a further investigation. On November 29, 1963, the insurance company replied, stating that the administrator's advice was appreciated and that the insurance company would be guided accordingly. It was further stated therein that the named beneficiary, Mr. Szilagyi, had notified the insurance company of the death and had requested "claim proofs." Under date of November 29, 1963, forms with respect to the claim were sent by the insurance company to Mr. Szilagyi. On January 15, 1964, the administrator transmitted to the insurance company a copy of a four-page report made by the Los Angeles Police Department as to the death. In that report it was stated that Mr. Szilagyi was arrested pending further investigation of the shooting.

On June 11, 1964, the insurance company sent to the administrator a notice of cancellation and rescission of each of the policies, one of the grounds stated therein being that "the consent of the party rescinding was obtained through fraud of the deceased, or any other party to the said contract jointly interested with such party." On July 13, 1964, counsel for the administrator wrote to counsel for the insurance company, stating that the letter was in confirmation of their telephone conversation to the effect that the administrator did not recognize the alleged cancellation and rescission. It was also stated that, in accordance with the understanding reached, counsel for the insurance company would furnish to the administrator's counsel a copy of the amended answer "filed in a pending lawsuit concerning said two insurance policies," together with copies of the policies, and that thereafter counsel for the administrator would "initiate a civil suit to establish the rights of our client to the proceeds payable under said policies."[1] Shortly thereafter counsel for the insurance company sent to the administrator's counsel copies of the first amended complaint, the amended answer, and the policies. However, as noted hereinabove, the administrator did not file an action until after the affirmance of Mr. Szilagyi's conviction.

In its answer to the administrator's complaint the insurance company alleged by way of defense that the administrator's action was barred by the statute of limitations, reference being made to section 337, subdivi-

---

[1]It appears that the pending lawsuit was that filed by the named beneficiary, Mr. Szilagyi. That action was never brought to trial.

sion 1, section 338, subdivision 1, and section 339, subdivision 1, of the Code of Civil Procedure. The administrator's demurrer to those defenses was sustained. The insurance company thereafter sought unsuccessfully to amend its answer to set forth the defense that recovery was barred by the statute of limitations as embodied in section 343 of the Code of Civil Procedure.

At the time of trial counsel for the insurance company filed a written objection "to the introduction of any evidence by the plaintiff on the ground that the plaintiff's complaint is fatally defective in that it appears from its face that each of the causes of action pleaded therein is barred by the applicable section of the statute of limitations." (See *Neff* v. *New York Life Ins. Co.*, 30 Cal.2d 165, 174-175 [180 P.2d 900, 171 A.L.R. 563]; 4 Witkin, Cal. Procedure (2d ed. 1971) § 171, pp. 2823-2824.) That objection was overruled, as was the insurance company's motion for judgment on the pleadings made on the ground that "plaintiff's complaint is fatally defective in that it appears from its face that each of the causes of action pleaded therein is barred by the applicable section of the statute of limitations."

After the introduction of evidence at the trial, the court determined that at the time of the insured's death the policies were in full force and effect, that Mr. Szilagyi, the named beneficiary, murdered the insured and was disqualified from receiving the proceeds of either of the policies, and that the administrator of the insured's estate was entitled to recover those proceeds.[2] Counsel for the insurance company "requested specific

---

[2] On this appeal no question is raised as to the law governing the situation where the named beneficiary of the policy murders the insured. As stated by Justice Traynor in *Beck* v. *West Coast Life Ins. Co.*, 38 Cal.2d 643, at page 644 [241 P.2d 544, 26 A.L.R.2d 979]: "Under the terms of the policy the murderer is entitled to the proceeds, but since it would be unconscionable to allow him to profit from his own wrong, he may neither receive nor retain them. [Citations.] Unless the policy so provides, however, the insurer is not relieved of liability because of the disqualification of the principal beneficiary. [Citations.]" (See *Davis* v. *Aetna Life Insurance Company* (9th Cir. 1960) 279 F.2d 304, 309.) As stated in *Davis* with respect to the law of California (279 F.2d at p. 309): ". . . if no contingent beneficiary is designated in the policy the proceeds thereof are payable to the estate of the murdered insured." (See *Estate of McGowan*, 35 Cal.App.3d 611, 615 [111 Cal.Rptr. 39]; *Meyer* v. *Johnson*, 115 Cal.App. 646, 647-648 [2 P.2d 456].)

With respect to the evidentiary use in the civil action of the judgment of conviction of murder of the insured by the named beneficiary, section 1300 of the Evidence Code provides as follows: "Evidence of a final judgment adjudging a person guilty of a crime punishable as a felony is not made inadmissible by the hearsay rule when offered in a civil action to prove any fact essential to the judgment unless the judgment was based on a plea of nolo contendere." In McDonough, *The California Evidence Code: A Précis* (1966) 18 Hastings L.J. 89, 112, it is stated: "Another new hearsay exception that may be of some significance is found in section 1300 [of the Evidence Code] which provides that a felony conviction is admissible in a civil action to prove any fact essential to the conviction. The person convicted need not be a party to the subsequent civil litigation."

findings of fact and conclusions of law" with respect to 58 designated matters, including matters relating to the statute of limitations. The request was denied.

It is true, as a general rule, that a cause of action accrues when an action may be maintained thereon and that the statute of limitations begins to run at that time. (*Record Machine & Tool Co.* v. *Pageman Holding Corp.,* 172 Cal.App.2d 164, 174 [342 P.2d 402].) But, as stated by Justice Traynor in *Bollinger* v. *National Fire Ins. Co.,* 25 Cal.2d 399, at page 411 [154 P.2d 399]: "Statutes of limitations are not so rigid as they are sometimes regarded. Under certain circumstances property rights or immunities may be acquired as a result of the running of the statutory period, but the period will be extended or tolled by the occurence of certain events, which may be the subject of conflicting evidence, such as absence from the state or disability. (Code Civ. Proc., § 351 et seq.) It is established that the running of the statute of limitations may be suspended by causes not mentioned in the statute itself. (*Braun* v. *Sauerwein,* 10 Wall. (77 U.S.) 218, 223 [19 L.Ed. 895, 897]; *Collins* v. *Woodworth,* 109 F.2d 628, 629.) It is settled in this state that fraudulent concealment by the defendant of the facts upon which a cause of action is based (*Kimball* v. *Pacific Gas & Elec. Có.,* 220 Cal. 203 [30 P.2d 39]) or mistake as to the facts constituting the cause of action (*Davis etc. Co.* v. *Advance etc. Works, Inc.,* 38 Cal.App.2d 270 [100 P.2d 1067]; see 16 Cal.Jur. 505) will prevent the running of the period until discovery. Principles of equity and justice, which moved this court in the *Kimball* case, *supra,* to grant relief are likewise controlling here. . . . It is sufficient to hold that the equitable considerations that justify relief in this case are applicable whether defendant violated a legal duty in failing to disclose its intention to set up this technical defense, or whether it is now merely seeking the aid of a court in sustaining a plea that would enable it to obtain an unconscionable advantage and enforce a forfeiture."

In *Elkins* v. *Derby,* 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81], the question before the court was whether the statute of limitations on a plaintiff's personal injury action was tolled for the period during which he pursued his workmen's compensation remedy. Shortly after the finality of the decision of the Workmen's Compensation Appeals Board that the plaintiff had not been an "employee" at the time of his injury, the plaintiff filed a civil action seeking recovery for the same injuries which prompted his compensation claim. Because that action was not filed within a year of the injury, the superior court held that it was barred by the applicable statute of limitations.

In holding that the superior court erred, the Supreme Court stated in *Elkins* (12 Cal.3d at p. 412): "Although defendants point out that plaintiff could have preserved his rights despite the statute of limitations by simultaneously commencing a civil action and a compensation claim, we believe that the statute may properly be tolled for the period during which plaintiff pursued his compensation remedy. As we explain below, an awkward duplication of procedures is not necessary to serve the fundamental purpose of the limitations statute, which is to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh. The filing of a compensation claim accomplishes this purpose and the tolling of the statute does not frustrate it."

The Supreme Court further stated in *Elkins* (12 Cal.3d at pp. 417-418): "In addition to the supportive case law, persuasive policy considerations also reinforce our holding. Foremost among these considerations [is] our belief that the suspension of the running of the limitations period in this and similar cases will not frustrate achievement of the limitations statute's primary purpose. That purpose, in the oft-quoted words of Justice Holmes, is to '[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' . . . [¶] Defendants' interest in being promptly apprised of claims against them in order that they may gather and preserve evidence is fully satisfied when prospective tort plaintiffs file compensation claims within one year of the date of their injuries. [Fn. omitted.]"

In the case presently before this court, as set forth hereinabove the administrator of the insured's estate promptly alerted the insurance company as to the possibility that the named beneficiary was disqualified from receiving the proceeds of the policies and transmitted to the insurance company pertinent information as to the police investigation of the circumstances of the insured's death. Thus the fundamental purpose of the statute of limitations was served in that the insurance company had timely notice of the circumstances bearing upon the matter of claims under the policy and its rights and obligations with respect thereto, so that it could assemble a defense while the facts were still fresh. As will be more fully explained hereinafter, to toll the statute of limitations in this case would not result in the frustration of that purpose.

In *Beck* v. *West Coast Life Ins. Co.*, *supra*, 38 Cal.2d 643, at page 644, as quoted hereinabove, the Supreme Court stated that "it would be unconscionable to allow him [the murderer] to profit from his own

wrong." Consequently, a beneficiary who is shown to have murdered the insured is barred even though he has not been brought to trial and convicted of the murder of the insured. (See *Estate of McGowan, supra,* 35 Cal.App.3d 611, 616-618; 4 Couch on Insurance (2d ed. 1960) § 27:156, p. 704.) Accordingly, the administrator could have brought an appropriate action against the insurance company upon his appointment as administrator with authority to so act upon behalf of the estate.

However, it is manifest that under the circumstances of this case, wherein there was no available eyewitness to establish that Mr. Szilagyi did kill the insured, it was impracticable for the administrator to undertake the difficult task of assembling circumstantial evidence sufficient to show the essential fact of murder.[3] Moreover, the exercise of prudent judgment would dictate that that task be left to the prosecuting authorities, who were investigating the case and did in fact undertake the prosecution of Mr. Szilagyi, resulting in his conviction of murder. Upon that conviction becoming final, it was practicable for the administrator to proceed with his civil action. (See the second paragraph of fn. 2 of this opinion.)

Furthermore, insofar as the insurance company claimed that the policy was not in full force and effect at the time of the death of the insured, it was free to proceed immediately after the death to seek a determination of that matter. If a determination adverse to the insurer had been made—as it eventually was in the action brought by the administrator—the duty of the insurance company to pay the proceeds to the person entitled thereto could have been satisfied by resort to the remedy of interpleader. (Code Civ. Proc., § 386; see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 216-217, pp. 1891-1893.) It is thus manifest that the final adjudication of guilt or innocence in the criminal prosecution of Mr. Szilagyi was a matter of significance both as to the rights and duties of the insurance company and as to those of the administrator.

In the light of the circumstances involved in the present case, as a matter of law the statute of limitations was tolled until the judgment of conviction of the named beneficiary for the murder of the insured became final upon affirmance by this court upon appeal.[4]

One further matter, however, requires consideration. In the policy providing for an accidental death benefit in the sum of $25,000

---

[3] Mr. Szilagyi was indicted by the grand jury on or about April 10, 1965, more than a year after the insured's death.

[4] This court does not hold that the statute of limitations is automatically tolled in a case where the insured is killed by the person named as a beneficiary in the life insurance

there is a provision that no action at law or in equity "shall be brought after the expiration of three (3) years after the time written proof of loss is required to be furnished." In resolving the question presented as to the effect of that provision in this case it will be assumed that the action of the administrator was within the scope thereof.

In *Genuser* v. *Ocean Accident etc. Corp.*, 57 Cal.App.2d 979, at pages 983-985 [135 P.2d 670], this court stated: "In discussing defendant's contention that the action was filed too late, we accept as a settled principle of law that an insurer may by the contract of insurance limit the time within which suit may be brought on the policy so as to provide a shorter time than is provided by law. . . . [¶] There is, however, a well settled rule under which the insurer may be precluded from asserting as a bar to the action failure of the insured to sue within the time limited by the policy. It was stated in *Sheard* v. *United States Fidelity & Guaranty Co.*, (1910) 58 Wash. 29 [107 P. 1024, 109 P. 276], that the limitation of the time for bringing suit is not controlling where there is a reasonable excuse for delaying the suit beyond the time agreed upon, . . . What the [trial] court really decided was not that the limitation prescribed by the policy was unreasonable, . . . but that under the entire facts of the case, which are set forth in the findings at length, it would be unreasonable and inequitable to give effect to the limitation."

In the case presently before this court the facts which sufficed to toll the statute of limitations also sustain, as a matter of law, the conclusion that it would have been unreasonable and inequitable to give effect to the contractual limitation. (See also *Bollinger* v. *National Fire Ins. Co.*, *supra*, 25 Cal.2d 399, 406-408.) Consequently, the contractual time limitation did not bar recovery by the administrator.

The determination of the issues with respect to the effect of statutory and contractual limitation provisions necessarily disposes of the other contentions raised on this appeal and, consequently, specific discussion thereof would serve no purpose.

The judgment is affirmed.

Allport, J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1975.

---

policy and a criminal prosecution is pending. Under the governing law as stated in this opinion, whether there is a tolling depends on the particular facts of the case.